2007 ME 145

**DYER GOODALL AND FEDERLE, LLC**

v.

**Samuel G. PROCTOR, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 27, 2007.

Decided: Nov. 27, 2007.

Clifford Goodall, Dyer, Goodall & Federle, Augusta, for plaintiff.

Samuel Proctor, Jr., Wilton, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] Samuel G. Proctor Jr. appeals from a judgment of the Superior Court (Kennebec County, *Marden, J.*) denying his motion to enlarge time to answer, denying his motion for enlargement of time for removal to Superior Court, granting Dyer Goodall and Federle, LLC's motion to dismiss Proctor's answer and counterclaim, and entering a default judgment against Proctor. Proctor argues that the Superior Court (1) applied the wrong standard of review when it found no excusable neglect; (2) failed to consider whether Proctor had a meritorious defense; and (3) erred in failing to remand the case to the District Court after it found removal, at Proctor's request, was improvident. We affirm.

## I. CASE HISTORY

[¶ 2] Dyer Goodall and Federle, LLC (DGF), an Augusta law firm, filed a District Court complaint against Samuel G. Proctor Jr. of Wilton, New Hampshire on February 15, 2006. The complaint asserted, inter alia, that Proctor was indebted to DGF for the sum of $949.60, resulting from legal services, beginning in August 1999, in connection with Proctor's real estate on Matinicus Island. The record indicates that the provision of legal services continued into 2000 or 2001. The complaint asserted that Proctor's refusal to pay the bill was a breach of contract, and that all work performed by DGF was conducted in a "reasonably skillful and professional manner."

[¶ 3] On the same day the complaint was filed, it was sent to the appropriate sheriff's office in New Hampshire. At the time, Proctor was in Florida. On March 16, 2006, during a brief return to his home, Proctor was served with the complaint and a summons notifying Proctor, pursuant to

M.R. Civ. P. 12(a), that an answer or other responsive pleading was due within twenty days after service of the complaint. After he was served, Proctor returned to Florida to resume his vacation and attend to some real estate business. He returned to his residence in New Hampshire approximately three weeks later.

[¶ 4] Fifty-four days after service, on May 9, 2006, Proctor filed his answer to the complaint, along with a counterclaim. In his counterclaim, Proctor asserted that he had suffered "substantial harm" when DGF failed to submit several zoning applications in a complete and timely manner, and consequently, Proctor was denied certain grandfathered rights to use his Matinicus property. Proctor asserted that the market value of the property had been greatly reduced and sought damages of $203,500.

[¶ 5] On May 24, 2006, Proctor filed a motion to remove the case to Superior Court for a jury trial, pursuant to M.R. Civ. P. 76C. That motion was accompanied by a motion to allow enlargement of time to remove the case. Pursuant to M.R. Civ. P. 76C(b), without any judicial action on the pending motions, the file was transferred to the Superior Court on May 26, 2006.

[¶ 6] On May 30, 2006, the Superior Court issued a scheduling order, setting a discovery deadline of October 1, 2006. On May 31, 2006, DGF filed with the District Court a motion for default judgment and a motion to dismiss Proctor's answer and counterclaim as filed out of time. The District Court forwarded the motions to the Superior Court.

[¶ 7] Proctor objected to DGF's motion to dismiss and motion for default judgment, stating that he had a meritorious defense and a valid counterclaim. In addition to the objection, Proctor filed a motion for an enlargement of time to file his answer and counterclaim.

[¶ 8] A hearing was held in the Superior Court on all motions on November 21, 2006. At the hearing, DGF asked the court to deny Proctor's motion to remove to Superior Court and to enter a default judgment against Proctor. The court asked DGF how this matter proceeded to Superior Court if "it wasn't removed" because it appeared Proctor's motion for removal had not yet been granted. DGF responded that its objection to the removal occurred approximately three days after Proctor filed his removal motion, and "in the meantime District Court sent it over."

[¶ 9] In response, Proctor asked the court to allow him to enlarge his time to answer the complaint because justice could only be furthered if his counterclaim was allowed to proceed on the merits. Proctor acknowledged that he did have access to mail and a telephone in Florida, and that he "had the capability" to notify the court that he needed additional time to answer the complaint, but failed to do so. Proctor also conceded that he received a notice regarding the availability of a fee arbitration panel from DGF, see M. Bar R. 9(e), but "didn't really understand that process," and that he had not pursued a negligence action against DGF until DGF attempted to collect its fees in the present action.

[¶ 10] After the hearing, the court denied Proctor's motion for enlargement of time to file his answer. The court determined that because Proctor's motion to extend his time to answer was late, he was required by M.R. Civ. P. 6(b)(2) to demonstrate excusable neglect for the late filing and had failed to do so. Therefore, the court granted DGF's motion to dismiss Proctor's answer and counterclaim, found it had "no jurisdiction" over the issues raised in the answer and counterclaim, and

entered a default judgment against Proctor in the amount of $949.60 plus costs. The court further declared that Proctor's answer and counterclaim had become a "nullity."

[¶ 11]  The court denied Proctor's request for an extension of time to file a notice of removal to Superior Court because the notice was not filed in a timely fashion.  The court also found that "this was an improvident removal and the action is remanded to District Court as required by Rule 76C(c)."  The docket reflects that the matter was not remanded to District Court, and it states that the motion for enlargement of time to file a notice of removal to Superior Court had become moot.

[¶ 12]  Proctor filed this timely appeal.

## II.  LEGAL ANALYSIS

[¶ 13]  Although the Superior Court determined that the transfer of the action from the District Court was an improvident removal and that Proctor's answer and counterclaim was a "nullity," the Superior Court proceeded to address the merits of DGF's motion for entry of default judgment and granted DGF their requested judgment.  Contrary to Proctor's suggestion, the Superior Court reaching the merits of the action, although it found the removal of the action "improvident," was proper.  The action is one in which the Superior Court held concurrent jurisdiction with the District Court. Proctor had requested that the action be removed from the District Court to the Superior Court for consideration on the merits.  The Superior Court's reaching the merits of the matter was in furtherance of Proctor's request that the Superior Court assume jurisdiction.

[¶ 14]  Proctor cannot now complain that the Superior Court acted on the matter as he had requested of it.  It would elevate form over substance and suggest that a party could file a late request to have a matter removed from the District Court, cause the matter to be removed, have the Superior Court reach the merits of the matter, and then, because the party does not like the result, allow the result to be vacated and remanded to the District Court.

[¶ 15]  In determining that Proctor's answer and counterclaim were a "nullity," the court effectively dismissed them based on a procedural determination that they were filed out of time.  Because the answer and counterclaim were dismissed as a matter of procedure, the court could properly determine that those pleadings were of no force and effect in its consideration of the motion for default judgment on the complaint.  Because the court dismissed those pleadings as a matter of procedure, dismissal would have been without prejudice, rather than with prejudice, as DGF had requested.

[¶ 16]  With those observations, we turn to the court's ruling on the motion for default judgment.  Proctor argues that the court abused its discretion when it found that he did not demonstrate excusable neglect because, he asserts, the court did not "fairly and fully consider [his] plight." Moreover, Proctor argues that even if he did not demonstrate excusable neglect, the court should have used the more lenient "good cause" standard pursuant to M.R. Civ. P. 55(c).

[¶ 17]  M.R. Civ. P. 12(a) requires that a defendant "shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant," unless the court directs otherwise.  M.R. Civ. P. 6(b) authorizes courts to enlarge the time within which to act.  When a party moves to enlarge time to answer after the deadline

to answer has passed, that party must show that the failure to act was a result of "excusable neglect." M.R. Civ. P. 6(b)(2).

[¶ 18] Determinations of excusable neglect are reviewed for errors of law or an abuse of discretion. *Gregory v. City of Calais,* 2001 ME 82, ¶ 7, 771 A.2d 383, 386. Excusable neglect will be found only when there are extraordinary circumstances that work an injustice. *Id.* In this analysis, self-represented parties are subject to the same standards as represented parties, and they are not excused from complying with procedural rules. *Uotinen v. Hall,* 636 A.2d 991, 992 (Me. 1994).

[¶ 19] In *Gregory,* we affirmed a finding of excusable neglect when counsel failed to file a motion on time because a trusted member of counsel's staff suffered unexpected personal problems. 2001 ME 82, ¶¶ 10–11, 771 A.2d at 387. We determined that the court did not abuse its discretion when counsel relied on a proven member of his staff, and that the opposing party suffered no harm as a result of the late filing. *Id.* Similarly, in *Solomon's Rock Trust v. Davis,* we affirmed a finding of excusable neglect when a party failed to file a motion on time due to a spouse's sudden death and the need to find alternate counsel, reasoning that an extraordinary circumstance had occurred, and the motion was filed only three days after the deadline. 675 A.2d 506, 509 (Me.1996).

[¶ 20] In the present case, Proctor filed a motion to enlarge the time to answer after the deadline to file the answer had long passed. Proctor's justification for not answering the complaint in a timely fashion was that he was preparing to leave his home in order to resume a vacation at the time he was served, and did not take his files with him. The press of other business does not absolve parties from complying with procedural rules. *Begin v. Jerry's Sunoco, Inc.,* 435 A.2d 1079, 1083 (Me.1981).

[¶ 21] Proctor has presented no evidence of extraordinary circumstances. Unlike the minimal tardiness in *Solomon,* Proctor's answer was filed over a month past the deadline. Consequently, the Superior Court did not err in finding that Proctor had failed to demonstrate excusable neglect and denying Proctor's motion to enlarge his time to answer.

[¶ 22] Proctor also contends that the Superior Court abused its discretion when it entered a default judgment against him because it failed to consider whether he had a meritorious defense or whether DGF was prejudiced by his late answer. The facts of this case would not support a finding of "good cause" if Proctor's appeal is construed in the same manner as a motion to set aside a default pursuant to M.R. Civ. P. 55(c). To set aside a default, a party must bear the burden of demonstrating two points: "good cause requires a good excuse for untimeliness and a meritorious defense." *Estate of Gordan,* 2004 ME 23, ¶ 19, 842 A.2d 1270, 1275. Having other business and resuming a vacation is neither excusable neglect nor a good cause excuse for missing, by more than a month, the required deadline for responding to the complaint.

The entry is:

Judgment affirmed.