STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-09-107

COASTAL RESTORATION
SERVICES, INC.

                    Plaintiff

           v.

ROBERT C. GREEN,
SUSAN DIPIETRO GREEN

                    Defendants

**ORDER**

Before the Court is defendants Robert C. Green and Susan DiPietro-Green's Rule 12(b) Motion to Dismiss due to plaintiff Coastal Restoration Services' failure to make timely service of process and failure to timely file the return of service in violation of Rule 3.

## BACKGROUND

Plaintiff Coastal Restoration Services, Inc. (Plaintiff), commenced this action on February 20, 2009 by filing its Complaint for breach of contract, unjust enrichment, a mechanic's lien claim, and violation of the prompt payment statute. The Complaint named Robert C. Green and Susan DiPietro-Green (collectively "Defendants") as defendants, and named CitiMortgage, Inc. as a party-in-interest. Plaintiff had until May 21, 2009, ninety days after filing its complaint, to file returns of service with the Court. M.R. Civ. P. 3. Plaintiff has never attempted to extend this deadline pursuant to M.R. Civ. P. 6(b).

1

Plaintiff filed a return of service on party-in-interest CitiMortgage on March 6, 2009, but did not file any returns for Defendants. Plaintiff claims that in February 2009 it "discussed acceptance of service by counsel for the Defendants," and that "[a] form of acceptance was provided and never executed." Plaintiff then "did not follow up or otherwise make service" on Defendants until August 5, 2009. That service was filed with the Court on August 11, 2009, one hundred seventy-two days after Plaintiff filed its complaint. On July 30 and 31, 2009, Plaintiff did file a Motion to Retain the Case on the Docket that was granted in a summary order by the Court, Wheeler, J., but Plaintiff has not filed any Motion to Enlarge or otherwise requested an extension pursuant to M.R. Civ. P. 6(b). Plaintiff references a "Rule 3 Order" issued on July 1, 2009, but no evidence of that order exists in the record.

## DISCUSSION

Defendants filed this Motion to Dismiss pursuant to M.R. Civ. P. 12(b) on August 24, 2009. Plaintiff argues that dismissal will substantially harm it and deliver Defendants a windfall by causing Plaintiff's lien to collapse. Plaintiff contends that equity, the July 31st order, and the February correspondence with Defendants' counsel add up to "excusable neglect" in this case.

Rule 3 expressly authorizes dismissal as the sanction for untimely service, absent excusable neglect shown through a Rule 6 motion. Dismissal is not mandatory, but is encouraged. M.R. Civ. P. 3 ("the action may be dismissed"); M.R. Civ. P. 3 advisory committee's note to 1989 amend. ("[R]eturn of service must be filed within 90 days after the filing of the complaint with the sanction of dismissal"). "Excusable neglect will be found only when there are extraordinary

circumstances that work an injustice." *Dyer Goodall & Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123, 1127. Excusable neglect often consists of a sudden emergency coupled with minimal delay. *See id.* at ¶¶ 19–21, 935 A.2d at 1127 (citing *Gregory v. City of Calais*, 2001 ME 82, 771 A.2d 383; *Solomon's Rock Trust v. Davis*, 675 A.2d 506 (Me. 1996)). The "press of other business" offers no excuse. *Id.* at ¶ 20, 935 A.2d at 1127.

Plaintiff did not serve process on Defendants or file the return until almost three months after the deadline. Plaintiff gives no reason to explain, much less justify, its failure to "follow up" its initial communications with Defendants' counsel. Plaintiff discussed service with Defendants' counsel in February, and then ignored its lawsuit for five months. Plaintiff does not allege that Defendants acted in bad faith. Rather, Plaintiff simply neglected to pursue its case, and there is nothing extraordinary in the record to excuse that neglect. Under these circumstances dismissal is appropriate pursuant to M.R. Civ. P. 3.

## The entry is:

Defendants' Motion to Dismiss is **granted** and Plaintiff's complaint and all claims contained therein are dismissed with prejudice.

DATE: _January 19, 2009_

_____
Roland A. Cole
Justice of the Superior Court

COASTAL RESTORATION SERVICES INC VS ROBERT C GREEN ET ALS
UTN:AOCSsr  -2009-0018956                      CASE #:PORSC-CV-2009-00107
-----------------------------------------------------------------------------
SEL VD                                  REPRESENTATION TYPE      DATE
01 0000008007 ATTORNEY:HEPLER, BRUCE
ADDR:75 PEARL STREET PORTLAND ME 04101
     F FOR:ROBERT C GREEN                      DEF         RTND   08/24/2009
     F FOR:SUSAN DIPIETRO GREEN                DEF         RTND   08/24/2009

02 0000007539 ATTORNEY:SHERRY, SAMUEL M
ADDR:41 BATES STREET PO BOX 18201 PORTLAND ME 04112-8201
     F FOR:COASTAL RESTORATION SERVICES INC    PL          RTND   02/20/2009



          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.                        I

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-09-107
                                                  RAC   CUM - 12/15/2009

COASTAL RESTORATION
SERVICES, INC.

                    Plaintiff
                                                  **ORDER**

        v.

ROBERT C. GREEN,
SUSAN DIPIETRO GREEN

                    Defendants


        The plaintiff moves under Rule 59(e) for reconsideration of the Court's

November 10, 2009 Order granting the defendants' Motion to Dismiss. The Court

treats a motion to reconsider as a motion to alter or amend a judgment.

*Geyerhahn v. United States Fid. & Guar. Co.*, 1999 ME 40, ¶ 9, 724 A.2d 1258, 1260.

"It is a procedural vehicle to correct a judgment where there has been an error of

law or clear error amounting to an abuse of discretion." *Westbrook Assocs. v. City*

*of Westbrook*, 1994 Me. Super. LEXIS 216 (June 3, 1994).

        In this case the plaintiff filed its return of service of process eighty-two

days after the deadline established by M.R. Civ. P. 3. The plaintiff argued that it

believed the defendants' counsel would execute the requisite documents, and

that this mistaken belief excused the plaintiff's failure to follow-up on the case

for over five months. This Court disagreed and granted the defendants' Motion

to Dismiss.


1

The plaintiff does not point to any error of law, abuse of discretion, or newly discovered evidence that might call the Court's original Order into doubt. The plaintiff instead restates its original argument, asking "a second time for the same relief, citing essentially the same reasons, and brought for no other apparent reason than an inability or unwillingness to accept the [C]ourt's previous ruling." *Westbrook Assocs.*, 1994 Me. Super. LEXIS 216 (June 3, 1994). The defendants' counsel's failure to execute service was not an extraordinary circumstance excusing the plaintiff's admitted failure to prosecute its case within the time allotted by Maine's Rules of Civil Procedure.

**The entry is:**

The plaintiff's Motion for Reconsideration is **denied**.

DATE: _12-15-09_

Roland A. Cole
Justice of the Superior Court

2

---------------------------------------------------------------------------------

01 0000008007          HEPLER, BRUCE
   75 PEARL STREET PORTLAND ME 04101

| F | ROBERT C GREEN | DEF | RTND | 08/24/2009 |
| F | SUSAN DIPIETRO GREEN | DEF | RTND | 08/24/2009 |

02 0000007539          SHERRY, SAMUEL M
   41 BATES STREET PO BOX 18201 PORTLAND ME 04112-8201

| F | COASTAL RESTORATION SERVICES INC | PL | RTND | 02/20/2009 |