STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED
DEC 03 2012
ANDROSCOGGIN SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-146

REC - AND - 12/3/2012

ALLEN E. LEONARD,
Plaintiff

ORDER

v.

SCHEMENGEE'S, INC. and
JAYSON NELSON,
Defendants

Before the court is Plaintiff Leonard's motion to amend his complaint to add a defendant and Defendant Schemengee's, Inc.'s motion for summary judgment. A hearing was held on October 3, 2012.

**Background**

The motions before the court involve a car accident that occurred on January 30, 2010. Plaintiff Allen Leonard ("Leonard") was socializing with a group of friends at Schemengee's, Inc. in Lewiston. While there, the group drank alcohol and then left together in a vehicle driven by a member of the group. The vehicle was involved in a crash, in which Leonard was seriously injured. Officer Bernard Campbell investigated the accident and prepared a report, which was not conclusive as to who was driving at the time of the accident but seemed to suggest that Jayson Nelson ("Nelson"), who had use of the car, was the driver.

On August 15, 2011, Leonard filed his initial complaint, naming Nelson and Schemengee's as defendants. Plaintiff asserts: "[A]fter negligent service and/or reckless service of liquor by Defendant Schemengee's, Defendant Jayson Nelson negligently crashed his motor vehicle, in which Plaintiff was a passenger, causing the Plaintiff serious injuries, including a permanent brain injury." (Compl. ¶ 7.) Count I alleged negligent service of liquor by Schemengee's under the Maine Liquor Liability Act (MLLA). 28-A M.R.S.A. § 2506. Count II alleged

reckless service of liquor by Schemengee's under the MLLA. *Id.* § 2507. Count III alleged negligence generally by Schemengee's and Nelson. And, Count IV seeks punitive damages due to both defendants' "express or implied malice."

On August 23, 2011, the Court issued a scheduling order with a discovery deadline of April 23, 2012, which was later extended to July 23, 2012. During the course of discovery, Howard Washburn ("Washburn") testified at his deposition on May 24, 2012 that he was in the vehicle at the time of the crash and that he believed Kevin Leighton ("Leighton") was driving Nelson's vehicle, and not Nelson himself.

On June 7, 2012, Leonard sought leave to amend his complaint pursuant to Maine Rule of Civil Procedure 15(a) in order to add Leighton as a defendant. The amended complaint asserts that Leighton was driving at the time of the crash, but retains Nelson as a defendant and alleges negligence in Count III against both of them generally. The motion for leave to amend was filed beyond the deadline for amending pleadings established in the August 23 scheduling order.

On June 20, 2012, Schemengee's filed a motion for summary judgment on all counts of Leonard's complaint. The motion includes an exhibit of an unsworn declaration from Kevin Leighton dated May 14, 2012. The declaration purports to be Kevin Leighton's admission that he was driving the vehicle on the night of the accident.

**Maine Liquor Liability Act**

Under the MLLA, "[a] server who negligently serves liquor to a visibly intoxicated individual is liable for damages proximately caused by that individual's consumption of the liquor." 28-A M.R.S.A. § 2506(2). The same is true for a server who "recklessly serves liquor to a visibly intoxicated individual." *Id.* § 2507(2).

Underlying both the motion to amend and the motion for summary judgment is the so-called "named and retained" provision of the MLLA. "No action against a server may be maintained unless . . . the intoxicated individual . . . is named as a defendant in the action and is retained in the

action until the litigation is concluded by trial or settlement." *Id.* § 2512(1). The Law Court has held that when the "intoxicated individual" settled with the plaintiff, he was no longer "retained in the action" and plaintiff could not proceed against the server under the MLLA. *Swan v. Sohio Oil Co.*, 618 A.2d 214, 217 (Me. 1992). *See also Douglass v. Kenyon Oil Co., Inc.*, 618 A.2d 220, 221 (Me. 1992).

Schemengee's position is Plaintiff's motion to amend should be denied and that without Leighton as a defendant, Leonard has not satisfied the "named and retained" provision of the MLLA.

**Motion to Amend the Complaint**

Plaintiff seeks to bring Leighton into the proceedings by amending his complaint under Maine Rule of Civil Procedure 15(a), which provides that leave to amend pleadings, "shall be freely given when justice so requires." M.R. Civ. P. 15(a). "This mandate means that if the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice." *Diversified Foods, Inc. v. The First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992). "Although passage of time, alone, is not grounds for denying a motion to amend, . . . undue delay removes any presumption in favor of allowing amendment." *Id.* Whether to grant leave to amend is within the court's sound discretion. *Id.*

Schemengee's points to the original scheduling order that established December 23, 2011 as the deadline for amending the pleadings. As such, Schemengee's argues that Leonard must proceed under Rule 6, the general rule for enlargement of time, and demonstrate that his failure to amend within that deadline was due to "excusable neglect." M.R. Civ. P. 6(b). *See also Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 16, 948 A.2d 1251 ("When a party moves for enlargement of time after the time for filing a pleading has expired, Rule 6(b) of the Maine Rules of Civil Procedure requires a showing of excusable neglect for that party to obtain the enlargement of time."). "Excusable neglect" exists only when there are "extraordinary circumstances that work an injustice." *Dyer Goodall & Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123.

Rather than Rule 15 or Rule 6, the court determines that the more appropriate standard appears to be Rule 16, which allows for the scheduling order to be modified upon "good cause shown." M.R. Civ. P. 16(a)(2). This would include modifying deadlines, such as the deadline for amending pleadings, contained within the scheduling order. In its' interpretation of analogous federal rules, the First Circuit has held that when a motion to amend is made after the scheduling order deadline, the correct standard is Rule 16 "good cause" rather than Rule 15 "freely given." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-155 (1st Cir. 2004) (cited in 2 Harvey, *Maine Civil Practice* § 15.4 at 481 (3d ed. 2011)).

In this case, the Court is satisfied that Plaintiff has demonstrated good cause to amend his complaint. Based on the information available at the time the complaint was filed – the police report and security footage - it was reasonable for Plaintiff to identify Nelson as the driver of his vehicle. It appears that it was not until after the depositions of two of the other vehicle occupants, Howard Washburn and Bobby Goodwin on May 24, 2012 that Plaintiff became aware that there might be facts, as opposed to mere supposition, to support the theory that they may have switched drivers. Nelson had previously exercised his Fifth Amendment privilege and Leighton was not available to be deposed. Because the very purpose of discovery is to gather evidence, the Court cannot say that Leonard failed to investigate his case diligently because there was early uncertainty as to who was driving.[1]

---

[1] Schemengee's also asserts that Leonard would be barred by the MLLA's two-year statute of limitations from adding Leighton as a defendant at this point. 28-A M.R.S.A. § 2514 ("Any action under this Act against a server alleging negligent or reckless conduct must be brought within 2 years after the cause of action accrues."). The cause of action accrued on January 30, 2010. Plaintiff's complaint against Schemengee's and Nelson, the named "intoxicated individual," was filed within the two-year statute of limitations on August 15, 2011. The motion for leave to amend was filed outside the two-year timeframe on June 7, 2012. Who was driving, when they were driving and how they came to be driving the vehicle is unclear and remains in dispute. Without more, it is premature for this court to

**Motion for Summary Judgment**

The overall basis for Schemengee's motion for summary judgment is essentially that there is no "intoxicated individual" named and retained as a defendant for purposes of 28-A M.R.S.A. § 2512(1). The motion apparently rests on the assumption that the Court will deny the motion for leave to amend the complaint. Because the Court is granting leave to amend, however, there are two possible "intoxicated individuals" and the motion for summary judgment necessarily fails.

Even without Leighton as a defendant, the Court finds that there is a genuine dispute over whether Nelson was the driver, and, thus, whether there is an "intoxicated individual" named and retained. Schemengee's urges that Leonard cannot establish the named and retained requirement because "it is undisputed . . . that Nelson was not driving the car . . . at the time of the accident . . . " (Br. 5.) Schemengee's puts forth the following facts: The group left Schemengee's on the night in question and Nelson drove them to Bobby Goodwin's apartment. (Def.'s S.M.F. ¶ 3.) At Goodwin's apartment, Nelson and Washburn entered the apartment but were asked to leave shortly thereafter. (Def.'s. S.M.F. ¶¶ 4, 6.) Schemengee's argues that Leighton then took over the driver's seat while the others were inside, he refused to unlock the passenger side door, he drove the group away from Goodwin's apartment, and he crashed the vehicle. (Def.'s S.M.F. ¶¶ 7-10, 12.)

As to the key disputed fact – who was driving at the time of the accident – Schemengee's relies on several pieces of evidence to show that Leighton was driving. (Def.'s S.M.F. ¶¶ 10, 12.) First, Washburn testified in his May 24 deposition that Leighton was driving. This contradicts his statement at the scene that he did not know who was driving. Second, Bobby Goodwin testified in his May 24 deposition that he was sober when the group left his apartment, that Nelson was not driving, and that he did not know who was driving. Most crucially, the statement of material facts

---

determine what, if any, implications there may be with the MLLA statute of limitations.

references a declaration from Kevin Leighton, dated May 14, 2012, in which he takes responsibility for driving at the time of the accident. The Leighton declaration is handwritten, signed by Leighton, Nelson, and someone named Christina Mahoney, but is not notarized, and it is attached as-is to the statement of material facts without any sort of authenticating affidavit.

The Court must disregard the Leighton declaration because it does not comply with Rule 56. The evidence seems to weigh in favor of Leighton driving, but without an admission from Leighton there still might be "sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. It is possible, for instance, a reasonable jury could believe Leonard that there was not enough time to stop at Goodwin's apartment before the accident occurred, and, thus, Nelson had to be driving based on the fact that Nelson appears to have driven the group away from Schemengee's.

**Judgment as to Other Claims**

Schemengee's also seeks judgment on the general, common law negligence alleged in Count III against Schemengee's. The MLLA is the exclusive remedy against servers based on liquor service. 28-A M.R.S.A. § 2511. *See also Peters v. Saft*, 597 A.2d 50, 52 (Me. 1991); *Jackson v. Tedd-Lait Post No. 75, American Legion*, 1999 ME 26, ¶ 11 n.4, 723 A.2d 1220 ("The MLLA was adopted in part because servers had a difficult time obtaining insurance, when the extent of their common law liability outside the previous Dram Shop Act was unclear. . . . Having achieved what it believed was an equitable balance of duties and liabilities among the various interested parties, the [drafting] Committee did not want the balance upset by the intrusion of . . . additional common law liability.") (citation and quotation omitted). Thus, the Court dismisses the common law negligence claim against Schemengee's.

Schemengee's also seeks judgment on Count IV for punitive damages. The MLLA does not provide for punitive damages. 28-A M.R.S.A. § 2508 ("Damages may be awarded for property damage, bodily injury or death proximately caused by the consumption of the liquor served by the server."). Because the MLLA provides an exclusive remedy and it excludes entirely any mention of punitive damages, the Court dismisses the punitive damages count against Schemengee's.

The entry will be:

The Court GRANTS Plaintiff Leonard's motion to amend his complaint, and DENIES Schemengee's motion for summary judgment, except that it dismisses Count III (negligence) as it applies to Schemengee's, but not any other defendant, and Count IV (punitive damages) as it applies to Schemengee's, but not any other defendant.

12/3/12
DATE

SUPERIOR COURT JUSTICE