STATE OF MAINE
PISCATAQUIS, SS.

BEVERLY A. NASON,

   Plaintiff

v.

LM GENERAL INSURANCE CO.
and
WALLACE G. SINCLAIR,

   Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-2019-7

**NOTICE OF DISMISSAL**

  Pursuant to the parties' stipulation, it is hereby ORDERED that this matter shall be dismissed as to Defendant Wallace G. Sinclair, and as to Defendant Sinclair's counterclaim against Plaintiff Beverly Nason. These claims shall be dismissed with prejudice and without costs. The case shall continue as between Plaintiff Nason and Defendant LM General Ins. Co.

  The Clerk is hereby directed to incorporate this order on the docket by reference.

Dated: ___2/24/20___

         _____
         JUSTICE, SUPERIOR COURT

1675127.doc


Costlow
Boyle
Hunt

Beverly A. Nason,
           Plaintiff,

v.

LM General Insurance Co., and Wallace G.
Sinclair,
           Defendants.

**ORDER re: Defendant's Motion to Allow Late Answer**

Before the Court is defendant Wallace G. Sinclair's motion to allow him to file a late answer

to plaintiff Beverly A. Nason's complaint. Ms. Nason opposes the motion on the grounds that Mr.

Sinclair has not established that his failure to file an answer within the allowed period was due to

excusable neglect.

### I.      Case History

Ms. Nason filed her complaint against Mr. Sinclair on August 15, 2019 alleging that Mr.

Sinclair is liable in negligence for a motor vehicle accident on November 8, 2016 that injured Ms.

Nason. The Piscataquis County Sheriff's Office served Mr. Sinclair with the complaint and

summons in hand on September 5, 2019 at 635 Pleasant River Road, Milo, Maine. Under Rule 12(a)

and Rule 6(a) of the Maine Rules of Civil Procedure, Mr. Sinclair's answer was due on September 25,

2019. Mr. Sinclair did not file an answer within that time. On October 2, 2019, Plaintiff filed a

request for entry of default and default judgment against Mr. Sinclair. On October 10, 2019, Mr.

Sinclair filed his motion to allow a late answer along with an answer and counterclaims.

In the motion, Mr. Sinclair contends that his failure to answer Ms. Nason's complaint within

the allowed time period was the result of excusable neglect due to the following conditions: the

distance between his residence in Brownville, Maine and his attorney's office in Island Falls is

approximately 85 miles; he was unable to make a timely appointment to discuss his case; he is a

1

Vietnam war veteran and "is severely disabled for bipolar [sic], as a result of his military service;" the sheriff's office failed to put the date of service on the summons; and he is currently making a good faith effort to determine if his insurer will defend him in this lawsuit. (Mot. to Allow Late Answer 1-2.) He further contends that he will be denied substantial justice if his motion is not granted. (*Id.*) Attached to Mr. Sinclair's motion was a purported copy of the summons form he was served with. The second page of this summons form where the sheriff's office would normally write the date, name of the party served, form of service, place of service, and the signature of the individual effecting service is blank.

Along with her opposition to Mr. Sinclair's motion, Ms. Nason submitted a signed document entitled "Sheriff's Return of Service" from the Piscataquis Sheriff's Office which states that on September 5, 2019 Mr. Nason was served by a sheriff's deputy with a "notice regarding electronic service." In addition, Ms. Nason submitted an acknowledgement of receipt of summons and complaint form that was executed by Mr. Sinclair and dated September 22, 2019. In addition, the Court received a return of service on October 10, 2019 that states Mr. Sinclair was served in hand with the summons and complaint on September 5, 2019.

A hearing was held on Mr. Sinclair's motion on December 2, 2019 where the parties were given the opportunity to submit evidence and offer oral argument. Neither party opted to submit evidence or offer oral argument. The clerk has not entered a default against the defendant under M.R. Civ. P. 55(a) nor entered a default judgment under M.R. Civ. P. 55(b)(1).

## II.    Analysis

Rule 12(a) of the Maine Rules of Civil Procedure requires defendants to serve an answer to a complaint within 20 days after the service of the summons and complaint upon the defendant, unless the Court directs otherwise. M.R. Civ. P. 12(a). The Court may enlarge the defendant's time within which to file an answer in accordance with Rule 6(b). M.R. Civ. P. 6(b). The Rule provides

2

different standards depending on whether the party seeking an enlargement of time is doing so before or after the filing deadline has passed. *Id.* The defendant in this case is moving the Court to allow a late answer after his filing deadline has passed. In this situation, Rule 6(b) provides that the Court "for cause shown" may, upon motion, permit the party seeking to file the answer to do so if the party is able to show that its failure to act within the deadline was the result of "excusable neglect." M.R. Civ. P. 6(b)(2); *Dyer Goodall & Federle*, LLC v. *Proctor*, 2007 ME 145, ¶ 17, 935 A.2d 1123; *Solomon's Rock Tr. v. Davis*, 675 A.2d 506, 509 (Me. 1996). "Excusable neglect" will only be found "when there are extraordinary circumstances that work an injustice." *Dyer*, 2007 ME 145, ¶ 17, 935 A.2d 1123. However, the Law Court has also held that "M.R. Civ. P. 6(b) should be liberally applied to work substantial justice." *Solomon's Rock Tr. v. Davis*, 675 A.2d 506, 508-509 (Me. 1996). In addition, Maine law has a strong preference in favor of deciding cases on the merits. *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995).

In *Solomon's Rock Trust* the Law Court affirmed a trial court's grant of a motion for enlargement of time where the defendant's motion was filed just three days after the 20-day period to file an answer had passed and the defendant established extenuating circumstances caused by the recent death of her spouse and the need to find alternative counsel. *Solomon's Rock Tr.* v. Davis, 675 A.2d 506, 509 (Me. 1996). In *Dyer Goodall & Federle*, the Law Court held that a trial court did not abuse its discretion when it denied a motion to enlarge the defendant's time to answer a complaint after the deadline had passed where the defendant's justification for not answering the complaint in a timely fashion was that "he was preparing to leave his home in order to resume a vacation at the time he was served, and did not take his files with him." *Dyer*, 2007 ME 145, ¶ 20, 935 A.2d 1123 The Law Court further noted that the defendant had presented no evidence of extraordinary circumstances and that the defendant did not file an answer until over a month after the deadline had passed. *Id.* ¶ 21.

3

Through his attorney, Mr. Sinclair states in his motion that his failure to file an answer within the deadline was due to (1) the fact that he is severely disabled due to his bipolar condition, (2) the length of the trip between his home in Brownville, Maine and his attorney's law office, (3) he was unable to make a timely appointment with his lawyer, and (4) that the Sheriff's office did not put the date of service on the summons form he was given. As a preliminary matter, the Court finds that the record establishes that Defendant was properly served in hand with the summons and complaint on September 5, 2019. The Court also takes judicial notice of the fact that the distance between Brownville, ME (where defendant states that he lives) and his attorney, Patrick Hunt's, law office in Island Falls, ME is approximately 78 miles and that, if traveling by automobile, a trip from Brownville to the law office would take approximately 1 ½ hours. Judicial notice is appropriate, as these two facts are not subject to reasonable dispute by the parties. M.R. Evid. 201.[1] For purposes of this motion, the Court also accepts that Defendant is severely disabled due to some mental health condition and infers that Defendant is elderly. (Mot. Allow Late Answer ¶ 4) (Sinclair served in the military in or around the time of the Vietnam war and is "severely disabled for bipolar [sic]").

Upon consideration of the record and the arguments offered by the parties, the Court concludes that Defendant has shown that his failure to file a timely answer was the result of "excusable neglect." Defendant's motion shows that Defendant is elderly and severely disabled due to a mental health condition. The motion also indicates that Defendant likely made some attempt to contact his attorney for legal assistance in this matter before the filing deadline had passed. In addition, Defendant's answer was filed only 15 days after it was due and Plaintiff has not demonstrated any substantial prejudice resulting from Defendant's delay. Given these

---

[1] The rule provides that the court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. M.R. Evid. 201(b). The rule further states that the court may take judicial notice on its own and at any stage of the proceeding. M.R. Evid. 201(c)-(d).

circumstances and in light of Maine's strong policy in favor of deciding cases on the merits, it would be unjust to not allow Defendant to file a late answer and litigate Plaintiff's claims against him. *Solomon's Rock Tr. v. Davis*, 675 A.2d 506, 508-509 (Me. 1996). ("M.R. Civ. P. 6(b) should be liberally applied to work substantial justice"). For these reasons, Defendant's motion to file a late answer is granted.

Entry:

Defendant's Motion to File a Late Answer is granted.

2/20/20

Date

William Anderson, Justice
Maine Superior Court

