STATE OF MAINE                                         SUPERIOR COURT
ANDROSCOGGIN, ss.                                      CIVIL ACTION
                                                       DOCKET NO. CV-21-39

RECEIVED & FILED

JUN 14 2022

ANDROSCOGGIN
SUPERIOR COURT

ASHLEE MADORE,

        Plaintiff

    v.                                               DECISION AND ORDER

DAVID MADORE,

        Defendant

Defendant David Madore moves for summary judgment on plaintiff Ashlee Madore's

claim for wrongful death of the parties' nine-year-old son, Brayden. For the following reasons,

the motion will be granted.

Background

The following facts are drawn from defendant's properly supported statements of

material fact. Pursuant to Rule 56(h)(4), statements of material fact that are not properly

controverted are deemed admitted for the purposes of summary judgment. To properly qualify or

deny an adverse party's statement of fact that is supported by admissible record evidence, a party

must also cite to record evidence that would be admissible at trial. M.R. Civ. P. 56(e), (h)(2); *see*

*also Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 19, 864 A.2d 169 ("A cornerstone of

the rationale for having a summary judgment process is that a trial is not warranted if a party

cannot identify admissible evidence that establishes an actual factual dispute.") As Ms. Madore

did not support her denials of Mr. Madore's statements of material fact with citations to any

record evidence that would be admissible at trial, they are deemed admitted.[1]

---

[1] The court is sympathetic to Ms. Madore's difficulties as a pro se plaintiff. However, the Law Court has held
numerous times that pro se litigants are held to the same standards as represented parties and must comply with the

1

Brayden Madore was the son of Ms. Madore and Mr. Madore. (Supp.'g S.M.F. ¶ 1.) Brayden died on April 16, 2019, while at Mr. Madore's home in Greene, Maine. (*Id.* ¶¶ 2-3.)

The only people at home at the time of Brayden's death were his father, Mr. Madore; his two older sisters, both of whom were minors; and Mr. Madore's fiancé's two minor daughters. (*Id.* ¶ 4.) Brayden had spent most of the afternoon of April 16 alone in his bedroom, behind a closed door, playing a computer game. (*Id.* ¶ 6.) Mr. Madore went into the bedroom to ask Brayden to join him and the girls in the living room, where they planned to watch a movie. (*Id.* ¶ 9.)

Mr. Madore found Brayden with a blanket wrapped around his neck, facing the window, with his feet touching the floor. (*Id.* ¶ 10.) The blanket appeared to be hanging from the top bunk of Brayden's bed. (*Id.*) When Mr. Madore went to move the blanket, Brayden's body fell out of it. (*Id.* ¶ 12.) Mr. Madore moved Brayden to the living room and performed CPR, then called 911. (*Id.* ¶¶ 13-14.) Mr. Madore performed CPR on Brayden until medical personnel arrived. (*Id.* ¶ 15.)

Following an investigation into the cause of Brayden's death, the State Chief Medical Examiner Mark Flomenbaum, M.D., Ph.D. concluded that Brayden's death was an accident that resulted from a partial suspension hanging that occurred when Brayden became entrapped in clothing and bedding material after falling from the upper bunk bed in his bedroom. (*Id.* ¶ 17.) The Chief Medical examiner did not determine the exact time of death and indicated only that Brayden was found deceased at 6:08 PM on April 19, 2019. (*Id.* ¶ 19.)

Brayden's estate has not been probated and no personal representative or special administrator had been appointed to represent his estate. (*Id.* ¶ 23.)

---

Maine Rules of Civil Procedure. *See, e.g., Dyer Goodall and Federle v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

Discussion

Mr. Madore has moved for summary judgment on two grounds. First, Mr. Madore argues that Ms. Madore does not have standing to pursue a wrongful death action on Brayden's behalf. Second, Mr. Madore argues that even if Ms. Madore does have standing, she has not produced any evidence of a causal connection between Mr. Madore's alleged negligence and Brayden's death.

A wrongful death action is a creature of statute, provided for by 18-C M.R.S. § 2-807 (2021). § 2-807 provides, in the relevant part, that "[e]very wrongful death action must be brought by and in the name of the personal representative or special administrator of the deceased person. . . ." Ms. Madore is not the personal representative or special administrator of Brayden's estate. Therefore, Ms. Madore does not have legal standing under the statute to bring this claim on Brayden's behalf. *Flaherty v. Allstate Ins. Co.*, 2003 ME 72, ¶ 14, 822 A.2d 1159.

Standing "is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction." *Bank of Am., N.A. v. Greenleaf*, 2015 ME 127, ¶ 8, 124 A.3d 1122. Lack of standing renders a complaint nonjusticiable, "—i.e., incapable of judicial resolution." *Id.* For that reason, the court cannot reach the merits of the complaint.

The entry is

Defendant David Madore's motion for summary judgment
is GRANTED.

The Clerk is directed to enter this order into the docket by
reference pursuant to M.R.Civ.P. 79(a).

Date: June ____, 2022

Harold Stewart, II
Justice, Superior Court

4

STATE OF MAINE                                         SUPERIOR COURT
ANDROSCOGGIN, ss.                                      CIVIL ACTION
                                                       DOCKET NO. RE-18-9

RECEIVED & FILED

JUN 14 2022

ANDROSCOGGIN
SUPERIOR COURT

NATIONSTAR MORTGAGE, LLC,
d/b/a MR. COOPER

      Plaintiff

                                    DECISION AND ORDER

    v.

LINKE FARM, LLC and
THOMAS E. LINKE

      Defendants

The matter before the court is defendants Thomas E. Linke and Linke Farm, LLC's

motion for summary judgment. As discussed below, the court will treat the motion as a motion

for judgment on the pleadings, which will be granted in part.

Factual Background

Defendant Linke Farm is the owner of real property in Androscoggin County located at

528 Trapp Road, Auburn, Maine. (Supp.'g S.M.F. ¶ 1.) The deed to this property is dated June

25, 2002 and is recorded in the Androscoggin County Registry of Deeds in Book 5047, Page

205. (*Id.*) On August 28, 2002, Mr. Linke executed and delivered a Note to First National Bank

of Nassau County ("FNB") in the principal amount of $84,600.00. (*Id.* ¶ 2.) As security for the

Note, on August 28, 2002, Mr. Linke executed and delivered a mortgage to FNB. (*Id.* ¶ 3.) The

mortgage is recorded in the Androscoggin County Registry of Deeds at Book 5110, Page 126.

(*Id.* ¶ 4.)

FNB assigned whatever rights it had in the mortgage to Mortgage Electronic Registration

Systems, Inc. ("MERS"), acting solely as nominee for GMAC Bank, by way of an Assignment

of Mortgage dated September 4, 2002. (*Id.* ¶ 5.) The Assignment of Mortgage was recorded in

1

the Androscoggin County Registry of Deeds at Book 5743, Page 93. (*Id.*) MERS then assigned any rights it had in the mortgage to Nationstar Mortgage, LLC ("Nationstar") by way of an Assignment of Mortgage dated September 4, 2002. (*Id.* ¶ 6.) This Assignment of Mortgage was recorded in the Androscoggin County Registry of Deeds at Book 7796, Page 151. (*Id.*)

Linke Farm is the title owner of the property, but Mr. Linke is the one who executed the Mortgage. (*Id.* ¶¶ 1-3.) For the purposes of this summary judgment motion, the parties have agreed that the failure to have Linke Farm execute the mortgage was a mistake, mutually or, in the alternative, unilaterally on the part of either party. (*Id.* ¶¶ 8-9.) Further, the parties agree that Linke Farms, an LLC that Mr. Linke is the sole member of, used the money to buy the property, and that Mr. Linke falsely represented that he was granting a mortgage with respect to all interests in the property. (*Id.* ¶¶ 10-18.)

Procedural History

This action was commenced on March 1, 2018. Defendants filed a Suggestion of Bankruptcy, Answer and Defenses dated April 17, 2018. Defendants have asserted an affirmative defense of the Statute of Limitations. Defendants filed this motion for summary judgment.

Defendants' statements of material fact rely almost entirely on the allegations in Nationstar's complaint. (*See Id.*) Defendants only assert these facts for the purposes of summary judgment, defendants have not admitted them in their answer. (*See generally* Answer.) Nationstar's asserts only one additional statement of fact, and otherwise admits all of defendants' statements of material fact. (*See* Response to Def.'s S.M.F.) Nationstar cites the affidavit of Attorney Andrew Sparks in support of its additional statement of material fact, but the affidavit relies on the mortgage document. (Sparks Aff. ¶ 6.)

2

M.R. Civ. P. 56(h)(4) requires that facts contained in a supporting or opposing statement of material facts be supported by citations to record material properly considered on summary judgment. M.R. Civ. P. 56(c) states that the court may consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements [of material fact]." The Law court has specifically held that a party's citation to its own unverified complaint is insufficient to support a statement of material fact. *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 6, 985 A.2d 1. The Law Court has not addressed citations to the opposing party's unverified complaint in support of a statement of material fact.

After consulting with the parties, the court has decided to proceed under Rule 12. Procedural awkwardness aside, defendants argue that even if all the allegations in Nationstar's complaint are true, this action is barred by the statute of limitations. This argument fits a Rule 12(c) motion for judgment on the pleadings. The court may consider the mortgage document without converting the motion to one for summary judgment. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43. A motion for judgment on the pleadings is a more favorable standard for the plaintiff, so the plaintiff will not be prejudiced by this decision, as their only statement of fact references the mortgage document and the court will consider it when deciding on this motion.

Standard

Pursuant to M.R. Civ. P. 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." At that stage, the Court will "assume that all factual allegations in the complaint are true," as such a motion is treated as a "motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029-30 (Me.

3

1987). The court is not, however, required to credit any "legal conclusions" stated in the complaint. *Id.* at 1030.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." Desjardins v. Reynolds, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted). On the other hand, "a party may not proceed[] on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." Burns v. Architectural Doors and Windows, 2011 ME 61, ¶ 17, 19 A.3d 823.

Discussion

Defendants' motion is solely concerned with the statute of limitations. In short, defendants argue that a six-year statute of limitations applies to all Nationstar's claims. Defendants argue this statute of limitations began to run on August 28, 2002, the date of the mortgage conveyance from Mr. Linke to FNB. Therefore, defendants argue, Nationstar's complaint is time barred.

Maine law has a general statute of limitations that applies to all civil actions unless otherwise provided. 14 M.R.S. § 752 (2021) states:

> All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specially provided.

Statutes of limitation are strictly construed. *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 14, 200 A.3d 803.

4

Nationstar argues that reformation claims are not subject to any statute of limitations. Nationstar notes that the Law Court has never decided the issue of what statute of limitations, if any, applies to reformation claims. Nationstar's claims sound in equity, while a statute of limitations defense was traditionally a defense at law. *See Ward v. Robertson-Dick*, No. CV-82-317, 1985 Me. Super. LEXIS 42 (Feb. 20, 1985). Law and equity were procedurally merged into one form of action, the "civil action," by the adoption of the Maine Rules of Civil Procedure in 1959, but Nationstar cites the *Ward* case to support the proposition that the substantive distinctions between actions in law and equity remained intact. *See* M.R. Civ. P. 2. The *Ward* court (Clifford, J.) acknowledged that after the merger of law and equity, general six-year statute of limitations was amended to apply to all "civil actions," mirroring the language of the Maine Rules of Civil Procedure. *Ward v. Robertson-Dick*, No. CV-82-317, 1985 Me. Super. LEXIS 42, at *3-4 (Feb. 20, 1985). The *Ward* court reasoned that the Law Court had previously held that similar amendments were intended only for procedural conformity and were not intended to change the substantive law and held that the statute of limitations did not apply to the reformation claim at issue. *Id.* Therefore, Nationstar argues, the appropriate standard for evaluating whether a reformation action is time-barred is laches.

One problem immediately arises with Nationstar's line of argument. Nationstar acknowledges that unjust enrichment claims are covered by the six-year statute of limitations provided by § 752. (*See* Opp. Mot. Summ. J. 4.) The Law Court, in *Bowden v. Girdle*, 651 A.2d 347, 350 n.1 (Me. 1994), held that the six-year statute of limitations applied to actions for unjust enrichment, but could be shortened on laches grounds. The Law Court's reasoning was that after the merger of law and equity, the Legislature amended the general six-year statute of limitations to apply to all "civil actions," which includes equitable claims of unjust enrichment, quantum

5

meruit, and recission of a deed. *Id.* The Law Court had not made it clear that the six-year statute of limitations at the time of the *Ward* decision applies to cases sounding in equity, but the *Bowden* decision is quite explicit that it does. A more recent Law Court case has unambiguously held that the six-year statute of limitations applies to all equitable claims unless otherwise provided by statute. *United States Bank Nat'l Ass'n v. Adams*, 2014 ME 113, ¶ 4, 102 A.2d 774. This is why the more recent Superior Court case of *Bank of N.Y. Mellon v. King*, No. RE-16-54, 2018 Me. Super. LEXIS 124, at *6 (Aug. 24, 2018) held that the six-year statute of limitations applies to a reformation claim. For the same reasons, the six-year statute of limitations applies to Nationstar's other equitable claims.

In the alternative, Nationstar argues that if any statute of limitations applies to the reformation claim, it is the twenty-year statute of limitations set by 14 M.R.S. § 751. § 751 provides:

> Except as provided in Title 11, sections 2-725 and 3-1118, subsection (1), personal actions on contracts or liabilities under seal, promissory notes signed in the presence of an attesting witness, or on the bills, notes or other evidences of debt issued by a bank must be commenced within 20 years after the cause of action accrues.

Nationstar argues that because the mortgage is a contract under seal, this action to reform the mortgage is subject to the twenty-year limitation period. This case is not an action on the mortgage, however. The present case is an action in equity to reform the mortgage so that Nationstar may foreclose on the property. A foreclosure action would be subject to §751's twenty-year statute of limitations, but an action in equity to reform the mortgage is plainly a "civil action," and therefore subject to the standard six-year statute of limitations. *See Bank of N.Y. Mellon v. King*, No. RE-16-54, 2018 Me. Super. LEXIS 124, at *6 (Aug. 24, 2018).

6

Nationstar's claims on the warranty covenants are a different matter. The warranty covenants are contained within the mortgage deed itself, which Nationstar argues was signed under seal. Thus, Nationstar argues, the applicable statute of limitations for an action on a breach of the warranty covenants in the mortgage deed is twenty years, as provided by 14 M.R.S. § 751. Defendants cite *Lloyd v. Estate Robbins*, 2010 ME 59, 997 A.2d 733, for the proposition that a six-year statute of limitations also applies to the breach of warranty covenants claim. In *Lloyd*, the Law Court held that a six-year statute applied to a breach of warranty covenants claim, but only because the mortgage deed in that case was not under seal. *Id.* ¶ 14. In *Lloyd*, the deed at issue only had a notary's seal on it, not the personal seal of the person signing the document. *Id.*

Mr. Linke signed the mortgage deed on a signature line which has the word "(Seal)" next to it. (Androscoggin Cty. Registry of Deeds Book 5110, Page 141.) There is no other indication that the document was intended to be signed under seal. 1 M.R.S. § 72(26-B) provides:

> **26-B. Unsealed instruments, when given effect of sealed instruments in any written instrument.** A recital that such instrument is sealed by or bears the seal of the person signing the same or is given under the hand and seal of the person signing the same, or that such instrument is intended to take effect as a sealed instrument, shall be sufficient to give such instrument the legal effect of a sealed instrument without the addition of any seal of wax, paper or other substance or any semblance of a seal by scroll, impression or otherwise; but the foregoing shall not apply in any case where the seal of a court, public office or public officer is expressly required by the Constitution, by statute or by rule of the court to be affixed to a paper, nor shall it apply in the case of certificates of stock of corporations. The word "person" as used in this subsection shall include a corporation, association, trust or partnership.

There is no recital in the mortgage deed stating that the instrument is intended to be sealed by Mr. Linke. The single word "(Seal)" next to a written signature is not a clear enough indication that the parties intended the document to be given the effect of a sealed instrument. Therefore, the mortgage deed was not signed under seal, and the action on the warranty covenants is subject to the six-year statute of limitations for typical civil actions.

7

Next, Nationstar argues that even if defendants have a valid defense based on the statute of limitations, they should be estopped from asserting it. Estoppel may be used to prevent the affirmative defense of the statute of limitations from being used, if the elements of estoppel are present. *Hanusek v. Southern Maine Medical Ctr.*, 584 A.2d 634, 636 (Me. 1990). The Law Court has explained the doctrine of estoppel as follows:

> The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which actually induces the plaintiff not to take timely legal action on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant by failing to seek legal redress while the doors to the courthouse remain open to him. Only upon a demonstration that the plaintiff had in fact intended to seek legal redress on his claim during the prescriptive period can his failure to file suit be specifically attributed to the defendant's conduct.

*Townsend v. Appel*, 446 A.2d 1132, 1134 (Me. 1982) (citations omitted). The Law Court has cautioned that equitable estoppel "is a doctrine that should be carefully and sparingly applied." *Vacuum Sys. Inc. v. Bridge Constr. Co.*, 632 A.2d 442, 444 (Me. 1993).

Nationstar has not alleged any facts that demonstrate that it, or any predecessor in interest, intended to seek reformation of the mortgage deed during the statutory period. Therefore, Nationstar's failure to file suit within the statute of limitations cannot be specifically attributed to Mr. Linke's conduct. *See Dasha by Dasha v. Maine Med. Ctr.*, 665 A.2d 993, 995 (Me. 1995). Applying equitable estoppel is not warranted in this case. Nationstar's more general equity argument is similarly unpersuasive.

8

The entry is

> Defendants Linke Farm, LLC and Thomas Linke's motion will be GRANTED. Nationstar Mortgage's complaint is hereby DISMISSED.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: June ___, 2022

Harold Stewart, II
Justice, Superior Court

9