2005 ME 121

## CITY OF BIDDEFORD

v.

## Rory HOLLAND.

Supreme Judicial Court of Maine.

Argued: Sept. 14, 2005.

Decided: Dec. 9, 2005.

Keith R. Jacques, Esq. (orally), Smith Elliott Smith & Garmey, P.A., Saco, for plaintiff.

Stephen C. Whiting, Esq., Jennifer A. Carey, Esq. (orally), The Whiting Law Firm, P.A., Portland, for defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Rory Holland appeals from a judgment entered in the Superior Court (York County, *Crowley, J.*) dismissing his notice of appeal and demand for a jury trial de novo following a bench trial in the District Court (Biddeford, *Brennan, J.*) in a land use enforcement action brought by the City of Biddeford pursuant to 30-A M.R.S.A. § 4452 (1996 & Supp.2004) and M.R. Civ. P 80K. Holland argues that he has the right to a jury trial de novo in the Superior Court because he has the consti-

tutional right to a jury trial and he could not have removed this case to the Superior Court and received a jury trial prior to judgment in the District Court. Although we disagree with Holland that he has the right to a jury trial de novo, we agree that he has the constitutional right to a jury trial. Because we hold that the procedure for receiving a jury trial for defendants like Holland has, prior to now, not been clear, we vacate the decision of the District Court denying Holland's initial request for removal and remand to that court to allow Holland time to comply with M.R. Civ. P. 76C.

## I. BACKGROUND

[¶ 2] This case began when the City filed a land use complaint against Holland in the District Court seeking injunctive relief, fines, and attorney fees. The City alleged that Holland, the owner of rental property located in Biddeford, violated certain local codes by renting an apartment without a valid occupancy permit and by deactivating power to his tenants' apartment. Before Holland answered the City's complaint, the City withdrew its motion for injunctive relief, but it continued to seek civil penalties.

[¶ 3] Thereafter, Holland, representing himself, filed an answer and motion to continue pending removal to the Superior Court. The District Court (*Douglas, J.*) denied Holland's request for removal "[t]o the extent that this is a request for removal under Rule 76C."[1] Specifically, the court found Holland's request to be incomplete and untimely pursuant to Rule 76C(a) because he did not tender payment of the removal fee with the removal request.

---

1. Apparently, the court construed Holland's removal request as a request for removal for a jury trial in the Superior Court pursuant to M.R. Civ. P. 76C, even though Holland neither specifically requested a jury trial nor cited Rule 76C.

[¶ 4] Prior to trial in the District Court, that court denied Holland's further motion for removal to the Superior Court. The court subsequently entered judgment against Holland, finding that the City had established that Holland violated two City ordinances. The court imposed the minimum penalty on Holland and also ordered him to pay the City's attorney fees.

[¶ 5] Following judgment, Holland filed in the District Court a notice of appeal and demand for a jury trial de novo together with a request to proceed in forma pauperis. The Superior Court dismissed Holland's appeal, concluding that it was without jurisdiction to hear an appeal of a Rule 80K action. The court also denied Holland's request for a jury trial de novo, concluding that there is no such procedure for Rule 80K actions. This appeal followed.

## II. DISCUSSION

### A. Superior Court Jurisdiction Over 30–A M.R.S.A § 4452 Actions

[¶ 6] Holland contends that, notwithstanding his attempts to remove this matter to the Superior Court, that court was not authorized to hear this action prior to a decision in the District Court because 30–A M.R.S.A. § 4452 "clearly indicates" that actions brought pursuant to it must be litigated in the District Court. Holland also argues that only after a decision of the District Court may the Superior Court conduct a jury trial—a jury trial de novo—pursuant to either its general jurisdictional grant contained in 4 M.R.S.A. § 105 (Supp.2004), or out of necessity to avail him of his constitutional right to a jury trial. Holland further asserts that because Rule 80K provides a comprehensive scheme for the expeditious handling of land use enforcement actions in the District Court, this scheme would be frustrated if removal were allowed prior to

judgment in the District Court. The authority of the Superior Court is a matter of law that we review de novo. *Cf. In re Cyr,* 2005 ME 61, ¶ 11, 873 A.2d 355, 359 (reviewing de novo a challenge to the Probate Court's authority).

[¶ 7] We are not persuaded by Holland's arguments. Holland relies on the following language to support his first assertion:

**1. Enforcement.** A municipal official, such as a municipal code enforcement officer, local plumbing inspector or building inspector, who is designated by ordinance or law with the responsibility to enforce a particular law or ordinance set forth in subsection 5, 6 or 7, may:

. . .

**C.** When specifically authorized by the municipal officers, represent the municipality *in District Court* in the prosecution of alleged violations of ordinances or laws, which the official is authorized to enforce.

30–A M.R.S.A. § 4452(1)(C) (1996) (emphasis added). Contrary to Holland's argument, the highlighted language in section 4452(1)(C) cannot be construed to mean that land use enforcement actions *must* be litigated in the District Court. The clear import of this language is that a municipal official may, when specifically authorized by the municipality, represent the municipality in District Court *if* such an action has been brought in District Court. *See* M.R. Civ. P. 80K(h) (stating that "[a] person who is not an attorney *may* represent a municipality under . . . 30–A M.R.S.A. § 4452(1)" if a written authorization from the municipal officers is filed with the court) (emphasis added). This subsection does not divest the Superior Court of jurisdiction because it neither says anything about the jurisdiction of the Superior Court to hear a land use enforce-

ment action, nor does it vest exclusive jurisdiction in the District Court.

[¶ 8] Holland points to no other rule of law, and we know of none, that would divest the Superior Court of jurisdiction. The Superior Court possesses jurisdiction in cases not confined to the exclusive jurisdiction of either the District Court or the Law Court. *See* 4 M.R.S.A. § 105; *Dissell v. Trans World Airlines,* 511 A.2d 441, 443 n. 1 (Me.1986) ("If on its facts a case does not fall within the exceptions to Superior Court jurisdiction, the court is said to have subject-matter jurisdiction over the case."). Because there is no exception to Superior Court jurisdiction for such actions, the Superior Court could have exercised jurisdiction under its general jurisdictional grant in 4 M.R.S.A. § 105. Therefore, we reject Holland's contention that the Superior Court could not have entertained this case prior to a decision of the District Court.

[¶ 9] We likewise find unpersuasive Holland's argument that the Superior Court should not be allowed to entertain a section 4452 action because it would frustrate Rule 80K's enforcement scheme for the expeditious handling of land use enforcement actions. Although Holland's concerns for trial expedience may have some justification, his argument ultimately misconceives the nature of Rule 80K. Simply stated, Rule 80K is a rule providing a summary procedure for the enforcement of land use laws and ordinances in the District Court. M.R. Civ. P. 80K. Although Rule 80K, by its terms, applies only to proceedings in the District Court, its existence does not limit the continuing jurisdiction possessed by the Superior Court. *Cf. Inhabitants of the Town of Boothbay Harbor v. Russell,* 410 A.2d 554, 558 (Me. 1980) (stating that the Supreme Judicial Court's abrogation of a procedural rule applicable in Superior Court "could not

limit the continuing jurisdiction" of that court, which it continued to exercise through its general jurisdictional grant).

**B. Removal of a Section 4452 Action to Superior Court**

[¶ 10] Holland next asserts that he has the constitutional right to a jury trial in this case because the City was seeking a civil penalty. We agree. *See City of Portland v. DePaolo,* 531 A.2d 669, 671 (Me. 1987) ("If an action is civil in nature, exclusively seeking a money recovery, the parties are entitled to a jury trial ...."). Consequently, we now turn to how a defendant like Holland may invoke his right to a jury trial when a section 4452 action has been filed in District Court pursuant to Rule 80K.

[¶ 11] As noted above, Rule 80K applies only to "proceedings in the District Court involving alleged violations of land use laws and ordinances." M.R. Civ. P. 80K(a). Rule 80K contains no provision for how a defendant in a land use enforcement action may remove that matter to the Superior Court for a jury trial.

[¶ 12] Maine Rule of Civil Procedure 76C(a) provides that "[e]xcept as otherwise provided in these rules, a defendant or any other party to a civil action or proceeding in the District Court may remove that action to the Superior Court for [a] jury trial." However, Rule 76C does not reference Rule 80K. The 1991 Advisory Committee's Note to Rule 76C does contemplate that "Rule 76C(a) is intended to make clear that the removal rule applies to all civil actions and proceedings in the District Court, including civil violation proceedings under Rule 80K." M.R. Civ. P. 76C Advisory Committee's Note to 1991 amend., Me. Rptr., 576–588 A.2d XLV. Yet, nothing in the text of either Rule 80K or Rule 76C make clear this intent.

[¶ 13] Indeed, the provisions of Rule 80K and Rule 76C, when read together, are

unclear as to whether Rule 76C applies to Rule 80K proceedings. Rule 80K makes no provision for a written answer, M.R. Civ. P. 80K(e)(1), and, pursuant to Rule 76C(a), a party's notice of removal must be filed "within the time for serving the answer or reply." Although Rule 80K(e)(1)'s oral answer requirement and the written notice of removal filing of Rule 76C(a) are not mutually exclusive, the relationship between the two is not obvious. The oral answer requirement could lead a defendant in a Rule 80K proceeding to reasonably conclude that Rule 76C—like the civil rules regarding answers generally—is inapplicable in Rule 80K proceedings.[2]

██ [¶ 14] In light of this confusion, we now hold that a defendant like Holland who is charged with a violation of land use laws and ordinances in the District Court pursuant to Rule 80K may avail himself of his constitutional right to a jury trial by a removal to the Superior Court for a jury trial pursuant to Rule 76C. Because we hold that a jury trial is available in such instances if Rule 76C is utilized, we reject Holland's argument that a jury trial de novo is necessary to avail him of his right to a jury trial. *See DePaolo*, 531 A.2d at 671.

## C. Compliance with M.R. Civ. P. 76C

██ [¶ 15] Turning now to the method by which such an action may be removed to the Superior Court for a jury trial, Rule 76C(a) requires the party seeking removal to serve a copy of the removal notice on the opposing party and to pay "the removal fee, the jury fee, and the cost of forwarding to the Superior Court the record specified in Rule 76F for appeals." M.R. Civ. P. 76C(a). The removal notice "shall be filed within the time for serving the answer or reply." *Id.* In the context of a Rule 80K proceeding, we construe this language to mean that the party seeking removal has until the day of the first appearance in the Rule 80K proceeding to file the notice of removal.[3] *See* M.R. Civ. P. 80K(e).

██ [¶ 16] The District Court found that Holland's request for removal was, to the extent it was made pursuant to Rule 76C, incomplete and untimely because the removal fee did not accompany his removal request. It is further apparent from the record that Holland neither paid this fee nor sought a fee waiver pursuant to Rule 91(e). Because of the confusion surrounding removal of complaints filed pursuant to Rule 80K—and the nature of the right at issue—we do not conclude that Holland knowingly waived his right to a jury trial.

[¶ 17] Accordingly, we vacate the decision of the District Court denying Holland's removal request and we remand the

---

**2.** Further confusion exists for the party to a Rule 80K proceeding seeking removal who decides to proceed in forma pauperis pursuant to M.R. Civ. P. 91(e). This Rule contemplates that the motion to proceed in forma pauperis, when filed by a party seeking removal pursuant to Rule 76C, "shall be filed *with* the party's answer or reply." M.R. Civ. P. 91(e) (emphasis added). The requirement for a written filing under this Rule, which must be made along with the written filings under Rule 76C, also creates confusion in light of Rule 80K's requirement for an oral answer.

**3.** However, payment of the jury fee in such cases operates on a different schedule. Rule 80K actions are not among those cases exempted from mandatory alternative dispute resolution conferences. *See* M.R. Civ. P. 16B(b). Because Rule 16B applies to Rule 80K actions removed to the Superior Court pursuant to Rule 76C, payment of the civil jury fee, a Rule 76C(a) requirement, is "deferred until 150 days after the date of the Rule 16(a) scheduling order." M.R. Civ. P. 16B(i).

matter to the District Court to give Holland twenty days after the remand order to comply with Rule 76C and any other applicable rules.

The entry is:

Judgment dismissing Holland's motion to remove this matter to the Superior Court is vacated. The matter is remanded to the District Court for further proceedings consistent with this opinion.