STATE OF MAINE

Cumberland, ss.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 07 2008

SUPERIOR COURT

RICHARD BRUCE MONTGOMERY
and TOBY D. JANDREAU,

Plaintiffs

v.                                    Docket No. CUM-CV-07-004

STATE OF MAINE,
BOARD OF BAR EXAMINERS

Defendant

## ORDER

This case presents the question whether the Superior Court has subject matter jurisdiction over an action by two law school graduates to compel the Maine Board of Bar Examiners to administer the Maine bar exam in the manner plaintiffs claim is required to accommodate their disabilities. For the reasons stated in this Order, this Court concludes it lacks subject matter jurisdiction and dismisses the action on that ground.

BACKGROUND

*Factual History*: Plaintiffs Richard Montgomery ("Montgomery") and Toby Jandreau ("Jandreau") are Maine residents and law school graduates who have applied to take the Maine bar examination on several occasions. Montgomery applied to sit for the examination on five occasions between July 2004 and July 2006; he actually took it twice and did not pass either time. Jandreau applied to sit for and actually took the bar examination three times between July 2005 and July 2006, and did not pass any of those times.

1

Both men have been diagnosed with conditions that they assert entitle them to accommodations in connection with the bar examination. Montgomery's diagnosis is for Attention Deficit and Hyperactivity Disorder (ADHD) and Jandreau's diagnosis is for a learning disorder.

Plaintiffs have both requested that the Defendant Maine Board of Bar Examiners ("Board") modify testing conditions to accommodate them. Both have requested additional time within which to complete the bar examination, and both have requested special rooms (a private room in Montgomery's case; a semi-private room in Jandreau's case) in which to take the bar examination.

In support of their requests, the Plaintiffs have provided medical records, academic histories, letters from doctors and other health care professionals, personal statements, and other documentation, both initially with their applications and later in response to requests from the Board.

On each occasion, however, the Board has concluded that, for stated reasons, Montgomery and Jandreau had not presented adequate justification for the requested accommodations, and therefore declined to grant the Plaintiffs' requests.

For purposes of the jurisdictional inquiry, the Plaintiffs' factual allegations are taken as true.

*Procedural History*: In January 2007, Montgomery and Jandreau filed a complaint in this Court seeking the aforementioned accommodations on the bar examination and alleging violations of the Maine Human Rights Act ("MHRA"), 5 M.R.S. and their due process rights. They also moved for a preliminary injunction to compel the Board to offer them accommodations on the February 2007 examination. This Court denied their request for a preliminary injunction

on February 22, advised the parties that it was in doubt as to subject matter jurisdiction, and invited Montgomery, Jandreau, and the Board to brief the issue of whether this Court has jurisdiction to adjudicate this matter.

DISCUSSION

Montgomery and Jandreau contend that this Court has jurisdiction, as the trial court of general jurisdiction in Maine and the court in which claims under the MHRA are to be filed. Plaintiffs argue that this Court should assume jurisdiction as it would over any claim under the MHRA. The Board, however, contends that because the Supreme Judicial Court has the inherent authority to address bar admission matters, because actions of the Board are deemed to be actions of the Supreme Judicial Court, and because the Supreme Judicial Court has exclusive authority to supervise the Board, the Superior Court lacks jurisdiction notwithstanding the MHRA claim.

Thus, this case presents a conflict between this Court's jurisdiction over MHRA disability cases and cases at law and in equity generally, and the jurisdiction of the Supreme Judicial Court regarding bar admission matters.

The Superior Court is Maine's trial court of original and "exclusive jurisdiction and has and shall exercise all of the powers, duties and authority necessary for exercising the jurisdiction in any and all matters that were, prior to January 1, 1930, within the jurisdiction of the Supreme Judicial Court or any of the Superior Courts, whether cognizable at law or in equity." 4 M.R.S.A. § 105(1) (2005). The MHRA also confers jurisdiction over claims under the Act, including discrimination and disability claims, upon the Superior Court. 5 M.R.S.A. § 4551 *et seq.* (2005).

3

Ultimate authority over admission of attorneys, however, is entrusted to the Maine Supreme Judicial Court. By statute, the Supreme Judicial Court is authorized to create a Board of Bar Examiners "for the purpose of designing, administering, and passing judgment on examinations taken by those individuals seeking admission to the bar." 4 M.R.S.A. § 801 (2005). By statute, all of the Board's "procedural, administrative, and budgetary actions . . . shall be subject to rules established by the Supreme Judicial Court and are deemed to be actions of the Supreme Judicial Court." *Id.*

Moreover, the Supreme Judicial Court has itself observed that its authority over admission of attorneys to the Maine bar does not depend on statute or rule, but is inherent in its status as a court. *See In re Feingold*, 296 A.2d 492, 496 (Me. 1972); *see also In re Hughes*, 594 A.2d 1098, 1100 (Me. 1991). In *Feingold*, the Supreme Judicial Court, sitting as the Law Court, noted:

> "Statutory provisions purporting to confer authority upon the Supreme Judicial Court respecting the admission or reinstatement of attorneys to, and suspension or disbarment from, the practice of law are not exclusive. Such provisions are in aid of the authority and power inherent in the court. The same is true as to the particular procedure which the Legislature may have fashioned to obtain the legislative objectives. But, in this area, the judicial branch of the government, acting through the courts, has exclusive jurisdiction and the legislative branch, acting through the Legislature, can in no way limit this inherent power and authority of the court."

296 A.2d at 496.

Nothing in *Feingold* or *Hughes*, or in any of the several statutes or rules relied on by the parties, states or implies that the Superior Court shares

4

concurrent authority or jurisdiction with the Supreme Judicial Court over matters relating to the admission of attorneys to the bar.[1]

Applied to the present case, these principles compel the conclusion that this Court should not construe the jurisdictional provisions of the MHRA to extend to issues relating to the admission of attorneys, resolution of which is within the inherent authority of the Supreme Judicial Court.

The provision of section 801 stating that specified actions of the Board are deemed actions of the Supreme Judicial Court also weighs against subject matter jurisdiction. 4 M.R.S. § 801. It seems axiomatic that only the Supreme Judicial Court has jurisdiction to review its own actions, whether those actions are taken through a single justice of that Court or through the Board of Bar Examiners, and that the Superior Court lacks authority to enjoin the Supreme Judicial Court.[2]

In support of their claim, Montgomery and Jandreau rely on two cases in which the Law Court noted that the Superior Court "possesses jurisdiction in cases not confined to the exclusive jurisdiction of either the District Court or the Law Court," *City of Biddeford v. Holland*, 2005 ME 121, ¶ 8, 886 A.2d 1281, 1285, and that "the Supreme Judicial Court has concurrent original jurisdiction over

---

[1] The just-quoted paragraph from *Feingold* implies that, even if the MHRA included an express grant of jurisdiction to the Superior Court over MHRA claims against the Board of Bar Examiners, such a grant might be viewed as an invalid attempt by the legislative branch to "limit [the] inherent power and authority of [the Supreme Judicial Court]," but there is no need to resolve that question here.

[2] A case relied upon by Plaintiffs, *Butler v. Supreme Judicial Court*, 611 A.2d 987 (Me. 1992), in which the Superior Court addressed the question whether the Supreme Judicial Court could constitutionally require a party demanding trial by jury to pay a fee, admittedly suggests the contrary. The Law Court did not address jurisdictional issues in *Butler*. Even if *Butler* supports the view that the Superior Court may have jurisdiction in some instances to review actions of the Supreme Judicial Court, *Butler* did not involve a matter within the Supreme Judicial Court's inherent authority over admission of attorneys.

[the case in question] with the Superior Court." *York Register of Prob. v. York Co. Prob. Ct.*, 2004 ME 58, ¶ 15, 847 A.2d 395, 399. Neither *Holland* nor *York Register* involved the admission of attorneys to the bar. The fact that the Superior Court and the Supreme Judicial Court have concurrent jurisdiction in certain cases does not resolve the question whether jurisdiction over matters relating to admission of attorneys is committed to the exclusive jurisdiction of the Supreme Judicial Court, or to the concurrent jurisdiction of both courts.

Finally, there appears no reason why the Plaintiffs cannot present their MHRA and due process arguments to a single justice of the Supreme Judicial Court. *Cf. In re Applications of Underwood and Plano*, 1993 Me. LEXIS 267 (Clifford, J.) (addressing applicants' claims under the Americans with Disabilities Act).[3]

For the foregoing reasons, this action is hereby dismissed for lack of subject matter jurisdiction.

Dated July 16, 2007

Justice, Superior Court

---

[3] It is of no consequence that the Plaintiffs here have not yet passed the bar examination, while other plaintiffs who have appealed to a single justice of the Supreme Judicial Court in reported cases have passed the examination but have not been certified for admission. *See, e.g., In re Applications of Underwood and Plano*, 1993 Me. LEXIS 267 (Clifford, J.) (involving whether refusal to answer mental health questions on the application for admission should preclude the issuance of a Certificate of Qualification). There is nothing to suggest that the Supreme Judicial Court's exclusive authority over appeals from actions of the Board depends on whether an applicant has taken or passed the examination.

F COURTS
and County
3ox 287
ne 04112-0287

SEAN OCIEPKA ESQ
PO BOX 2007
AUGUSTA ME 04338-2007



IF COURTS
and County
3ox 287
ine 04112-0287

SUSAN HERMAN AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333