STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
DOCKET NO. CV-18-128

City of Lewiston,                    )
                                     )
            *Plaintiff,*             )
                                     )
v.                                   )            **Judgment**
                                     )
William Verrinder,                   )
                                     )
            *Defendant.*             )

This land use violation case came before the court for final hearing on March 17, 2021.

Plaintiff was present through its agent, Nicholas Richard, and was represented by Michael Carey,

Esq. Defendant was present and represented himself. This court had previously entered

summary judgment in Plaintiff's favor on the Complaint, and the matter was set for hearing on

the penalty, costs, fees and/or other remedy to be imposed.

At the time of the hearing, Plaintiff confirmed the only remedy it seeks is a daily civil

penalty for the violations together with attorney's fees and costs. No abatement or corrective

order was sought as the violations have been corrected.

Based on the evidence produced at the hearing, the court finds that the Lewiston Property

Maintenance Code violation as set forth in the Notice of Violation regarding the accumulation of

rubbish or garbage on Defendant's property existed from November 16, 2017[1] through at least

July 17, 2018; abatement or correction occurred after that date. This is a total of 243 days. The

court also finds that the Lewiston Property Maintenance Code violation as set forth in the Notice

of Violation regarding the missing part of the exterior stairs on Defendant's property existed

---

[1] November 16 is the date upon which Defendant called the code enforcement officer about the Notice of
Violation dated November 8, 2017 and thus had clear notice. The conditions were actually observed and
existed before that date.

1

from November 16, 2017 through at least April 12, 2018; abatement or correction occurred after that date. This is a total of 147 days.

Plaintiff asks the court to impose a civil penalty of $100 per day for 243 days, or $24,300.00, for the violation involving the accumulation of rubbish or garbage on Defendant's property. Plaintiff also asks the court to impose a civil penalty of $100 per day for 147 days, or $14,700.00, for the violation involving the damaged front stairs on Defendant's property. Thus, Plaintiff seeks a total civil penalty of $39,000.00 from Defendant.

Pursuant to 30-A M.R.S. § 4452(3),

> 3. Civil penalties. The following provisions apply to violations of the laws and ordinances set forth in subsection 5. Except for paragraph H, monetary penalties may be assessed on a per-day basis and are civil penalties.
>> A. The minimum penalty for starting construction or undertaking a land use activity without a required permit is $ 100, and the maximum penalty is $ 2,500.
>> B. The minimum penalty for a specific violation is $100, and the maximum penalty is $5,000. . . .
>> C. The violator may be ordered to correct or abate the violations. . . .
>> E. In setting a penalty, the court shall consider, but is not limited to, the following:
>>> (1) Prior violations by the same party;
>>> (2) The degree of environmental damage that cannot be abated or corrected;
>>> (3) The extent to which the violation continued following a municipal order to stop; and
>>> (4) The extent to which the municipality contributed to the violation by providing the violator with incorrect information or by failing to take timely action.
>> F. The maximum penalty may exceed the amounts set forth in paragraphs B and B-1, but may not exceed $25,000, when it is shown that there has been a previous conviction of the same party within the past 2 years for a violation of the same law or ordinance.

This provision is applicable to Defendant's violation of Lewiston's code pursuant to 30-A M.R.S. § 4452(5). Although it states that "monetary penalties *may* be assessed on a per-day basis", § 4452(3), the statute also states that the "minimum penalty for a specific violation is

$100." The Law Court has held that when another provision of law provides that each day the violation continues constitutes a separate violation, this court has no discretion to impose less than the minimum penalty of $100 for each day of the continuing violation. *Town of Orono v. Lapointe*, 1997 ME 185, ¶¶ 9-12; *Dep't. of Envtl. Protection v. Emerson*, 616 A.2d 1268, 1272 (Me. 1992). In this case, the Lewiston Code states as follows:

> Each day that a violation continues after due notice has been served shall be deemed a separate offense.

City of Lewiston Code of Ordinances, Chapter 18, §18-52, IPMC §106.4. Therefore, this court is without discretion to impose less than $24,300.00 for the 243 days of continuing violation involving the accumulation of rubbish or garbage, and $14,700.00 for the 147 days of continuing violation involving the damaged front stairs.

In this case, there are no aggravating factors that would cause the court to impose greater than the mandatory minimum required. The court is unaware of any prior violations and there is no environmental damage. *See* 30-A M.R.S. § 4452(3)(E).

To be clear, the court considers the total civil penalty sought to be disproportionate to the offenses, particularly since the rubbish strewn about was not visible for much of the time when there was snow on the ground. Nonetheless, this is the minimum penalty required by statute and the Code.

The Law Court has made it clear that this court is also without discretion to suspend any portion of the minimum penalty imposed. *Lapointe*, 1997 ME 185, ¶ 12, 698 A.2d at 1062. The Law Court has not addressed the issue whether the two penalties may run concurrently to each other in the situation presented here, namely, where the violations existed at the same time and were the subject of a unitary Notice of Violation and Land Use Enforcement action. Certainly in the criminal context the court has the ability to specify that fines not be cumulative.

*See* 17-A M.R.S. § 1707[2]. And, fines may be made non-cumulative even if they may not be suspended. Applying the same reasoning, therefore, this court finds that the civil penalties ought not to be cumulative and shall run concurrently with each other.

Plaintiff also seeks attorney's fees and costs in the amount of $28,257.00. Pursuant to 30-A M.R.S. § 4452(3)(D), when the City is the prevailing party, it "must be awarded reasonable attorney fees, expert witness fees and costs, unless the court finds that special circumstances make the award of these fees and costs unjust." Although the attorney's fees sought in this case are certainly high, the court recognizes that a significant amount of the legal maneuvering was caused by Defendant, who removed the case to the U.S. District Court, then to the Superior Court, and who filed a number of unsuccessful motions. While such moves are Defendant's right, they come at the cost of increasing fees sought by the City. The court finds that the fees sought by the City are reasonable under all the circumstances and therefore awards those fees and costs to the City.

For the foregoing reasons, it is ordered as follows:

The court imposes a civil penalty of $24,300.00 for the violation involving the accumulation of rubbish or garbage, and $14,700.00 for the violation involving the damaged front stairs. The court orders that the civil penalties are non-cumulative or concurrent, so that the total penalty that must be paid is $24,300.00. In addition, the court awards to Plaintiff attorney's

---

[2] 17-A M.R.S. § 1707 provides "When multiple fines are imposed on a convicted person at the same time or when a fine is imposed on a convicted person already subject to an unpaid or partly unpaid fine, the fines must be cumulative, unless the court specifies that only the highest single fine must be paid in the case of offenses based on the same conduct or arising out of the same criminal episode or for other good cause stated on the record or in the sentences."

4

fees in the amount of $28,257.00. Therefore, the total judgment awarded in favor of Plaintiff and against Defendant is $52,557.00, plus post judgment interest.

This Judgment may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 3/23/21

Valerie Stanfill
Justice, Maine Superior Court

5

CITY OF LEWISTON, )
)
Plaintiff, )
)
v. )
)
WILLIAM VERRINDER, )
)
Defendant )

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Before this Court are both the Plaintiff and Defendant's Motions for Summary Judgment. For the forgoing reasons, Plaintiff's Motion is granted in part and Defendant's Motion is denied.

## I. Factual Background

The following facts are undisputed based on the statements of material fact unless otherwise noted. Defendant William Verrinder owns real estate located at 65 Jill St., Lewiston Maine. On November 8, 2017, the Lewiston Code Enforcement Officer ("CEO") inspected Defendant's property and observed what he described as damage to the front step and "trash and construction debris strewn about the lawn[.]" (PSMF ¶ 5; Richard Aff. ¶ 7.) Defendant alleges that there was no damage to the front step and that he "used household items, sheetrock, and tires to express political speech in the form of political art on his private property." Defendant's Opposing Statement of Material Fact [DOSMF] ¶ 5. The CEO issued a Notice of Violation ("Notice") to Defendant for violations of the Lewiston Code of Ordinances.

The Notice[1] alleged two violations of the Lewiston Property Maintenance Code, stating: "[u]pon inspection, the property was found to be in violation of Chapter 18, Article III, Property Maintenance Code, Sections 18-51 and 18-52 as per the Code of Ordinances of the City of

---

[1] A copy of the signed Notice is Exhibit 5 to Plaintiff's motion.

Lewiston." The Notice also cited specific provisions of the International Property Maintenance Code that outlined the particular conditions Defendant's property must maintain in order to comply with the Code. The Notice also informed Defendant he had the ability to appeal the Notice, stating:

> You may appeal this order and request a hearing before the Lewiston Board of Appeals by filing a written petition at the office of the Director of Planning/Code Enforcement within (10) days of receipt of this notice. This petition shall be submitted on a form provided by this office along with the one hundred and fifty dollars ($150.00) appeal fee. Should you fail to appeal you will be barred from any opportunity to contest or challenge the content or terms of this Notice and Order in any further legal proceedings.

The Notice was sent to Defendant by both certified mail, return receipt requested, and regular mail, postage prepaid. The return receipt was not returned and the U.S. Postal Service did not return as undeliverable the Notice sent by regular mail. Defendant made no attempt to appeal the Notice.

Defendant did not remedy the violations alleged in the Notice and the City filed this Land Use Citation and Complaint in Lewiston District Court on December 11, 2017 as a result. After Defendant unsuccessfully removed the matter to the U.S. District Court, Defendant removed the case to the Superior Court for jury trial and these motions followed.

## II.    Summary Judgment Standard

When there are cross-motions for summary judgment, the rules for consideration of summary judgment are applied separately to each motion. *F.R. Carroll, Inc. v. TD Bank, N.A.,* 2010 ME 115, ¶ 8, 8 A.3d 646. The record on each summary judgment issue must be considered most favorably to the party objecting to the grant of summary judgment on that issue. *Blue Star Corp. v. CKF Properties LLC,* 2009 ME 101, ¶ 23, 980 A.2d 1270. A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.,* 2008 ME

106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quotations omitted).

Once a properly supported motion is filed, the party opposing summary judgment must show that a factual dispute exists sufficient to establish a prima facie case for each element of the defense raised in order to avoid summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. A party who moves for summary judgment is entitled to judgment only if the party opposed to the motion, in response, fails to establish a prima facie case for each element of the defense raised. *Lougee Conservancy v. Citi Mortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774.

### III. Discussion

#### A. Plaintiff's Motion for Summary Judgment

The City argues that it is entitled to judgment as a matter of law because the Defendant's liability on this Land Use Citation and Complaint has been determined by operation of administrative *res judicata*. The City further argues that because the Defendant's liability is not in dispute, this Court should award attorney's fees, costs, and civil penalties to it. Defendant disagreed, and filed his own summary judgment motion.

"*Res judicata* is a common law doctrine aimed at preventing the relitigation of claims that were tried or could have been tried between the same parties . . . in an earlier suit on the same cause of action." *Town of Ogunquit v. Cliff House & Motels, Inc.*, 2000 ME 169, ¶ 10, 759 A.2d 731.) (internal quotations and citations omitted). *Res judicata* applies to an administrative tribunal's determinations if the administrative proceeding "entailed the essential elements of adjudication." *North Berwick v. Jones*, 534 A.2d 667, 670 (1987). The Law Court has held that a

CEO's Notice of Violation alone may trigger administrative *res judicata* "if a party does not challenge [the Notice] through an available [administrative] appeal that contains the essential elements of adjudication[.]" *Town of Boothbay v. Jenness*, 2003 ME 50, ¶ 21, 822 A.2d 1169. To trigger administrative *res judicata*, a CEO's Notice must: (1) refer to the provisions of the ordinance allegedly violated; (2) inform the violator of both the right to dispute the order and how that right is exercised; and (3) specify the consequences of the failure to appeal. *Freeport v. Greenlaw*, 602 A.2d 1156, 1161 (Me. 1992).

Here, the CEO's Notice is sufficient to trigger administrative *res judicata*. First, the Notice refers to the specific ordinances Defendant is alleged to have violated and included specific excerpts from the provisions of the International Property Maintenance Code at issue. Second, the Notice specifically informed Defendant that he could "appeal [the] order and request a hearing before the Lewiston Board of Appeals" and gave Defendant specific instructions on how he was to initiate the appellate process, including the timing, cost, and paperwork required. Third, the Notice specifically informed Defendant that "[s]hould you fail to appeal you will be barred from any opportunity to contest or challenge the content or terms of this Notice and Order in any future legal proceedings." Therefore, the CEO's Notice is sufficient to trigger administrative *res judicata*.

Defendant does not dispute the contents of the CEO's Notice, nor does he allege that he made any attempt to appeal the Notice to the Lewiston Board of Appeals. However, Defendant argues *res judicata* does not apply for six reasons: (1) the Notice failed to state that he has the *right* to dispute the order; (2) the Due Process Clause of the Fourteenth Amendment and Article I Section 19 of the Rights of the Constitution of the State of Maine are violated by the $150.00 fee required to appeal the Notice; (3) the Notice was not properly served on Defendant; (4) *Berry v.*

*Mainestream Finance* prohibits *res judicata* because the $150.00 denied Defendant a *fair* opportunity to litigate the Notice; (5) *res judicata* is inapplicable because the Lewiston Zoning Board of Appeals lacks jurisdiction to hear constitutional challenges; and (6) the City failed to give the Defendant the proper amount of time to appeal the Notice.

Defendant first argues that the Notice is insufficient to trigger *res judicata* because the Notice must specifically state that he has a "right to dispute the order" before administrative *res judicata* can be triggered, citing *Freeport*, 602 A.2d 1156, 1161, and that it fails to do so. Defendant's argument is misplaced. Although the Law Court has since stated generally that a CEO's notice must "inform the violator of "the right to dispute the order", *see Town of Boothbay v. Jenness*, 2003 ME 50, ¶ 22, 882 A.2d 1169, there is no authority to suggest that the Notice itself must use specific language describing the appeals process as a "right." The Notice properly informed Defendant he had the opportunity to appeal the Notice which is all that is required.

Defendant next argues that *res judicata* does not apply because the City's appeal process and $150.00 administrative fee violate the Maine and United States Constitutions. However, Defendant made no attempt to appeal the CEO's Notice, and thus this court is without any facts as to whether the $150.00 fee affected Defendant's ability to appeal the Notice, whether it was waivable or would have been waived. As such, Defendant's constitutional arguments are not ripe for this court to review.

Defendant also argues that *res judicata* does not apply because the Notice was not served properly. The Defendant cites irrelevant portions of the Lewiston Zoning and Land Use Code to support of this argument. The Notice alleges violations of Lewiston's Property Maintenance Code, which allows for service in the following manner:

> A notice of violation or order may be . . . mailed by certified mail, return receipt requested, to the last known address. If the return receipt is not returned, the notice

shall be conclusively presumed to have been served if it is also sent by regular mail, postage prepaid, which is not returned as undeliverable by the postal service.

Lewiston Code § 18-29(c). The Notice was sent by certified mail, return receipt requested, and via regular mail, postage prepaid. The return receipt was not returned, and the Notice sent via regular mail was not returned as undeliverable. Thus, the Notice is conclusively presumed to have been served properly.

The Defendant next argues that the City's $150.00 appeal fee prevented him from a fair opportunity to litigate the Notice, thereby contravening *Berry v. Mainstream Finance*, 2019 ME 27, ¶ 8, 202 A.3d 1195. However, as stated above, Defendant cannot claim that he was not afforded a fair opportunity to litigate the Notice when he made no attempt to avail himself of the City's adjudicative process. Therefore, *Berry v. Mainstream Finance* does not render *res judicata* inapplicable here.

Defendant next argues that the City's Zoning Board lacks jurisdiction to hear Defendant's above-mentioned constitutional challenges. Defendant's argument misconstrues the *res judicata* doctrine. *Res judicata* applies here because the Defendant failed to make any attempt to appeal the CEO's Notice in the first place. The Zoning Board's jurisdiction to hear constitutional challenges is irrelevant not only because those challenges are not ripe for review, but also because Defendant could have sought review of the Board's decision in front of an adjudicative body with jurisdiction over Defendant's constitutional claims. *See* 30-A M.R.S. § 2691(3)(G); M.R. Civ. P. 80B. As such, the Zoning Board's jurisdiction does not render *res judicata* inapplicable here.

Finally, Defendant argues that *res judicata* does not apply because the City did not allow the full ten days to appeal the Notice in violation of Defendant's due process rights. Although the City's Motion incorrectly cites November 20, 2017 as the deadline to appeal the CEO's Notice,

that was not stated in the Notice itself. Rather, the Notice correctly informed Defendant he had 10 days from receipt of the notice to appeal, which he failed to do.

In short, Defendant has failed to show that there is a disputed issue of material fact on any of the defenses raised.

### B. Defendant's Motion for Summary Judgment

Defendant has also moved for summary judgment in his favor, and so the court addresses whether Defendant shown that there is no genuine issue of material fact and he is entitled to judgment irrespective of administrative *res judicata*.

Defendant argues that the $150 appeal fee violates both the due process and equal protection clauses of the both the Maine and United States Constitutions. As stated above, issues regarding the City's appeal fee are not ripe for review by this court because Defendant did not attempt to appeal the CEO's Notice. The court simply cannot find that he was denied due process or discriminated against on account of indigency; for all the court knows, the fee would have been waived had he asked or tried to file an appeal. Defendant is not entitled to summary judgment with regard to his due process or equal protection arguments.

Defendant next argues that the City "cannot overcome [the] legal burdens placed on it" by the United States Supreme Court in *Citizens United v. FEC*, 558 U.S. 310 (2010), a First Amendment case regarding limits on corporate political speech. In any First Amendment case, a court must first identify the category of speech at issue and determine what level of scrutiny to apply to the alleged infringement. *See e.g. Janus v. AFSCME*, 585 U.S. ___ (2018); *Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557 (1980); *Chicago Police Dept. v. Mosley*, 408 U.S. 92 (1972). Here, Defendant argues the City is imposing a fine for debris on his lawn that was used to construct political "art" and thus strict scrutiny applies. Strict scrutiny requires the

government to show that a law is narrowly tailored to achieve a compelling government interest. *Texas v. Johnson*, 491 U.S. 397 (1989).

Defendant, however, has failed to raise a genuine issue of material fact on his First Amendment claim. The only evidence put forth by Defendant is his own affidavit wherein he claims that the yard debris is political speech. (DSMF ¶ 4; Verrinder Aff. ¶ 2.) Defendant has not included any record citation or other evidence showing the conditions of his yard at the time the Notice or Land Use Citation was issued, nor has he included any evidence suggesting how the debris in his yard was deliberately, as opposed to haphazardly, situated. His bare assertion is insufficient to establish a prima facie case under the First Amendment and he is not entitled to summary judgment on such grounds.

Defendant next argues that this court lacks jurisdiction because: (1) the City failed to serve the Notice pursuant to the Lewiston Zoning and Land Use Code; (2) an unsigned Notice was filed along with this Land Use Citation; and (3) CEO Richard lacks certification to sign this Land Use Citation.

As previously stated, Defendant was properly served with the Notice pursuant to the applicable City Code. As for the unsigned Notice attached as an exhibit to the Complaint, the official or signed Notice of Violation issued by a CEO is not required to be attached to the Land Use Citation and Complaint. *See* 30-A M.R.S. § 4452; M. R. Civ. P. 80K. Moreover, the Complaint was properly signed by counsel pursuant to M. R. Civ. P. 11(a).

The final part of Defendant's argument regarding this court's jurisdiction is that CEO Richard, who issued the Notice and signed as "complainant" on the Land Use Citation and

Complaint, is not an attorney and not otherwise authorized to file it. 30-A M.R.S. § 4452(1)[2]; M.R. Civ. P. 80K(h). Defendant's argument misconstrues the law and facts. The complaint was signed by the City's attorney, and the City is being represented in the case by an attorney, not by the CEO.

Nothing alleged by Defendant deprived this court of jurisdiction, and Defendant is not entitled to summary judgment on those grounds.

Defendant next argues that his due process rights were violated because the Land Use Citation and Complaint failed to comply with the requirements of Rule 80K of the Maine Rules of Civil Procedure. Rule 80K requires that if a Land Use Citation alleges a municipal ordinance violation, "a statement describing the place where the complete text may be obtained[] shall be attached to the original Land Use Citation[.]" M. R. Civ. P. 80K(c)(1). Here, the City attached to the Complaint a certification from Kelly Brooks, the Deputy City Clerk, properly attesting to the copies of the City Ordinances attached to the complaint. She specifically stated that she is the custodian of the City Ordinances, and her address and location are listed on the certification. Assuming Rule 80K requires the Land Use Citation to be accompanied by a description of the *physical* location of the ordinances at issue, the Brooks certification attached to the original Land Use Citation complies and does just that. Defendant is not entitled to summary judgment on that basis.

Finally, Defendant argues his procedural due process rights were violated because the City did not allow him the full ten days to appeal the original Notice. This argument is without merit.

---

[2] "A municipal official, such as a code enforcement officer, . . . who is designated by ordinance or law with the responsibility to enforce a particular law or ordinance . . . may . . . represent the municipality in District Court in the prosecution of alleged violations of ordinances or laws[.]" 30-A M.R.S. § 4452(1)(C).

The Defendant failed to make any attempt to appeal the Notice; his appeal was not disallowed as untimely or in any way.

For all of the reasons set forth in this section, Defendant has not shown he is entitled to summary judgment in his favor, and his Motion is denied.

## IV. Conclusion

There is no genuine issue of material fact regarding the Defendant's liability on this Land Use Citation and Complaint by operation of administrative *res judicata,* and Defendant has failed to allege facts sufficient to establish any defense to the City's claim. Therefore, the City is entitled to judgment in its favor on this Land Use Citation and Complaint as a matter of law. The City asks this court to (1) impose a civil penalty on Defendant for his violations in the amount of $39,000 and (2) award the City its attorney's fees and costs of $19,404, plus pre- and post-judgment interest. The Court shall set this matter for hearing, limited to the remedies sought, on the next available date.

The entry is: Defendant's Motion for Summary Judgment is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED IN PART. Summary Judgment is entered in Plaintiff's favor on the Complaint. The clerk shall set a hearing on the penalty, costs, fees and/or other remedy to be imposed. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 1/14/2021

Valerie Stanfill
Justice, Maine Superior Court

STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
DOCKET NO. CV-18-128

JAN 14 '21 PM4:08
ANDRO SUPERIOR COURT

City of Lewiston,                    )
                                     )
          *Plaintiff,*               )
                                     )
     v.                              )          **Order on Pending Motions**
                                     )
William Verrinder,                   )
                                     )
          *Defendant.*               )

On August 14, 2020, Plaintiff moved for summary judgment. Defendant filed a timely opposition on September 3, 2020, and filed his own motion for summary judgment on September 4, 2020. Plaintiff filed a timely opposition to Defendant's motion on September 28, 2020. Before the Court are a number of other pending replies, motions and letters. Upon consideration, the court orders as follows:

1.  Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment was filed September 21, 2020, more than 14 days after Defendant's opposition, and is therefore untimely. M.R. Civ. P. 7(e).

2.  Defendant's Response to Plaintiff's reply statement of material facts was filed September 28, 2020, also untimely and mooted by the fact that Plaintiff's Reply was untimely.

3.  On September 29, 2020, Defendant moved to file a Sur-reply to Plaintiff's Reply in support of its Motion for Summary Judgment. That motion is denied as sur-replies are not contemplated by M.R. Civ. P. 7.

4. On October 13, 2020, Defendant moved to strike a majority of the Exhibits attached to Plaintiff's Motion for Summary Judgment. That motion is untimely pursuant to M.R. Civ. P. 7(c) and is denied.

5. Also on October 13, 2020 Defendant filed a motion to hold Plaintiff, CEO Richard, and Attorney Carey "in criminal contempt of court and contempt of court." Defendant has not followed any of the procedures for moving for remedial contempt as set forth in M.R. Civ. P. 66(b). The court also specifically notes that the pleading does not state a sufficient basis for this court to make a request for prosecution under M.R. Civ. P. 66(c)(2)(B) for punitive (criminal) contempt. Therefore, the motion for contempt is denied without hearing.

6. The rulings on the pending motions for summary judgment are contained in a separate order.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 1/14/2021

Valerie Stanfill
Justice, Maine Superior Court

STATE OF MAINE                             SUPERIOR COURT
ANDROSCOGGIN, ss                           CIVIL ACTION
                                           DOCKET NO. CV-18-128

CITY OF LEWISTON,                )
                                 )
            *Plaintiff,*          )                    \text{MAR 11 '20 PM1:07}
                                 )                    ANDRO SUPERIOR COUR
    v.                           )          **Order on Pending Motions**
                                 )
WILLIAM VERRINDER,               )
                                 )
            *Defendant.*          )

This land use complaint was filed on December 11, 2017 in the Lewiston District court. It alleges that Defendant Verrinder violated Lewiston's Code of Ordinances and failed to remedy the violations after notice was given. Specifically, Plaintiff alleges that on November 8, 2017, the Lewiston Code Enforcement Officer (CEO) went to Defendant's property at 65 Jill Street and observed numerous violations of the Lewiston Code of Ordinances. He thereafter issued Defendant a Notice of Violation (NOV) which notified Defendant he was in violation regarding trash and construction demolition debris throughout the premises as well as damage to the front stairs. The NOV ordered remediation. According to the Complaint, Plaintiff sent the NOV to Defendant via regular mail and it was not returned to Plaintiff as undeliverable. Defendant did not remedy the violations as of November 20, 2017, and did not appeal the NOV. Plaintiff seeks injunctive relief, award of attorneys' fees, and award of civil penalties.

Defendant tried unsuccessfully to remove the case to the U.S. District Court for the District of Maine, and then on September 24, 2018, Defendant removed the matter to this court for a jury trial.

On June 12, 2019, Plaintiff filed three motions: (1) a motion *in limine* seeking to limit the scope of the trial due to *res judicata*; (2) a motion to strike Defendant's jury demand; and (3) a motion to remand this matter back to Lewiston District Court. On August 16, 2019, Defendant opposed the motions and simultaneously moved to enlarge the time to respond pursuant to M.R. Civ. P. 6(b). Plaintiff has opposed that request.

"When a party moves to enlarge the time to complete an act after the deadline to complete the act has passed, that party must show that the failure to act was the result of excusable neglect." *Gregory v. City of Calais*, 2001 ME 82, ¶ 6, 771 A.2d 383. "[S]elf-represented parties are subject to the same standards as represented parties, and they are not excused from complying with procedural rules." *Dyer Goodall & Federle, LLC v. Proctor*, 2007 ME 145, ¶ 18, 935 A.2d 1123. "Excusable neglect will be found only when there are extraordinary circumstances that work an injustice." *Id.*

When Plaintiff filed its motions on June 12, 2019, the filings stated that Defendant was required to file any opposition within 21 days as required by Rule 7. M.R. Civ. P. 7(b)(1)(A); 7(c). Despite the rules and the notice, Defendant did not respond to the motions for over two months. Defendant states that his responses were late because "a severely debilitating and grave life-long illness prevented [him] from learning of the motions and filing a response." (Def.'s Opp'n to Pl.'s Mots. 1.) He also states that he learned about the motions when he went to the court house on August 2, 2019. Defendant did not file anything until August 16, 2019. Defendant has not provided any evidence of his "severely debilitating and grave life-long illness" nor provided an explanation as to why he waited at least two additional weeks to file a motion for enlargement of time to respond to plaintiff's

2

motions. *See Proctor*, 2007 ME 145, ¶ 21, 935 A.2d 1123 (finding that the tardy party had "presented no evidence of extraordinary circumstances" and that the delay was not minimal because it "was filed over a month past the deadline"). Under the circumstances, Defendant has not shown "excusable neglect" required for enlargement of time, and therefore his motion for enlargement of time is denied and his response will not be considered.

Nonetheless, Plaintiff's motions will also be denied. Plaintiff's motions are all based on the premise that *res judicata* excludes issues or claims that Defendant could have raised in an appeal to the Lewiston Zoning Board of Appeals. Plaintiff also alleges that the violations have now been cleaned up, essentially leaving only penalties and attorney's fees for decision, issues not triable before a jury.

Plaintiff has moved in limine to limit the issues at trial, arguing that res judicata prevents the relitigation of many issues Defendant raises. "Principles of res judicata apply to administrative proceedings on both the state and municipal levels." *Freeport v. Greenlaw*, 602 A.2d 1156, 1160 (Me. 1992). In order to apply *res judicata* to a case where an individual has received an NOV and subsequently failed to appeal to the city's Board of Appeals, "an order to refrain from taking or continuing certain action because it violates a zoning ordinance should refer to the provisions of the ordinance allegedly being violated, inform the violator of the right to dispute the order and how that right is exercised by appeal, and specify the consequences of the failure to appeal". *Id.* at 1161.

However, although Plaintiff alleges that all the requirements for res judicata were met when Defendant failed to appeal the NOV, those facts have not yet been determined. Indeed, Defendant entered a general denial in the district court as to all facts. Plaintiff did

3

not file a motion for summary judgment, supported as required under M.R. Civ. P. 56. Rather, Plaintiff is simply *alleging* at this stage that the requirements for the application of res judicata are met. The contents of the NOV and whether Defendant appealed the NOV to the Lewiston Zoning Board of Appeals are questions of fact. If Plaintiff is successful at trial in establishing the prerequisites for the application of res judicata, then it will be applied. The motion in limine is therefore denied at this stage.

For these reasons, the motions to strike the jury demand and for remand to the Lewiston District Court are also denied. "[A] defendant . . . who is charged with a violation of land use laws and ordinances in the District Court pursuant to Rule 80K may avail himself of his constitutional right to a jury trial by a removal to the Superior Court for a jury trial pursuant to Rule 76C." *City of Biddeford v. Holland*, 2005 ME 121, ¶ 14, 886 A.2d 1281. Defendant Verrinder properly removed the case for jury trial. Although ultimately there may be no jury issues, that has not yet been established, and so Plaintiff's motions to strike the jury demand and for remand are denied.

In summary, therefore, the entry is: Defendant's motion for enlargement of time and Plaintiff's motions in limine, for remand and to strike the jury demand are all denied. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 3/11/2020

Valerie Stanfill
Justice, Maine Superior Court

4

STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
CIVIL ACTION    Lcw DC
DOCKET NO. CV-18-128
AubCv-20-12

**CITY OF AUBURN,**

*Plaintiff,*

v.

**SEVENTY-SIX SPRING, LLC,**

*Defendant.*

RECEIVED & FILED

MAR 1 2020

ANDROSCOGGIN
SUPERIOR COURT

)
)
)
)
)
)
)
)
)

**Order on Motion to Remand**

This land use complaint was filed on November 22, 2019 in the Lewiston District court pursuant to M.R. Civ. P. 80K. It alleges that Defendant violated various life safety provisions of Auburn's Lewiston's Code of Ordinances in the multi-unit property and has failed to remedy the violations after notices were given. Plaintiff seeks to have Defendants remove the occupants, abate the violations, pay civil penalties and pay attorneys' fees and costs. Pursuant to M.R. Civ. P. 76C, Defendant removed the matter to Superior Court on the date set for the answer to the complaint. Plaintiff has now moved to remand the matter to District Court, arguing the removal was improvident as there is not a right to a jury trial. M.R. Civ. P. 76C(c).

"[A] defendant . . . who is charged with a violation of land use laws and ordinances in the District Court pursuant to Rule 80K may avail himself of his constitutional right to a jury trial by a removal to the Superior Court for a jury trial pursuant to Rule 76C." *City of Biddeford v. Holland*, 2005 ME 121, ¶ 14, 886 A.2d 1281. If there is not a right to a jury trial, however, the court will remand the matter to the district court. The question in this case is whether Defendant has a right to a jury trial.

The Constitution of Maine guarantees that "in all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has

1

heretofore been otherwise practiced. . . ." Me. Const. art. I, § 20. The Law Court has been clear

that there is a right to a jury trial on all legal claims, but not on equitable claims. *E.g., Bowden v.*

*Grindle*, 651 A.2d 347, 349 (Me. 1994); *Town of Falmouth v. Long,* 578 A.2d 1168, 1171 (Me.

1990). The determination depends on the type of relief requested in the claim. *Bowden*, 651

A.2d at 350. As noted above, Plaintiff seeks injunctive relief coupled with a claim for civil

penalties, fees and costs.

In *Long*, the Law Court stated as follows:

> We have consistently held that the determination of remedies for zoning
> violations is an exercise of the court's equitable powers. *See Town of Shapleigh v.*
> *Shikles,* 427 A.2d 460, 464 (Me. 1981). The mere inclusion of an ancillary request
> for a civil penalty does not convert an equitable proceeding into an action at law. .
> . . The Town in the instant case does not "exclusively seek a money recovery."
> Instead, it primarily pursues injunctive relief and requests the imposition of a civil
> penalty only as a secondary measure. This distinguishes the case at bar from
> *DePaolo* and leads us to conclude that the court properly considered this
> enforcement action as equitable in nature and therefore committed no error in
> denying Long a jury trial on the civil penalty issue.

*Long*, 578 A.2d at 1171-72. On the other hand, in *Holland*, the claim for injunctive relief had

already been determined, and the only issues before the court related to penalties and fees. In

that case, the Law Court held that there was a right to a jury trial. *Holland,* 2005 ME 121, ¶ 14.

The question, then turns on whether a claim for injunctive relief coupled with the request

for penalties permits removal for a jury trial.

> To determine whether a claim is legal or equitable, we consider the basic nature
> of the issue presented and the remedy sought by the plaintiff. If the damages
> sought are not incidental to equitable relief but in the alternative *as full*
> *compensation for the injury alleged* plaintiffs are entitled to a jury trial.

*Avery v. Whatley,* 670 A.2d 922, 924-25 (Me. 1996), citing *Cyr v. Cote*, 396 A.2d 1013, 1019

(Me. 1979) (emphasis added). Because the civil penalties and attorney's fees sought here are

not alternative and "full compensation for the injury alleged" but rather are ancillary to the

primary remedy sought, this case must be considered equitable in nature. Therefore, there is no right to a jury trial and removal was improvidently granted.

For these reasons, Plaintiff's motion to remand is granted; the case is remanded to Lewiston District Court forthwith. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 3/11/2020

Valerie Stanfill
Justice, Maine Superior Court

3